SETH W. HALE, Appellant, *v.* THE OMAHA NATIONAL BANK, Respondent.

Where a general demurrer is interposed to a complaint containing two counts, if in either count a sufficient cause of action is alleged, the demurrer will be overruled.

If the allegations of the complaint are not definite and certain, the remedy is not by demurrer, but by application, under section 160 of the Code, that they be made so.

The relief demanded in the complaint does not necessarily characterize the action or limit the plaintiff in respect to the remedy which he may have; and the fact, that after the allegation of the facts relied upon, the plaintiff has demanded judgment for a sum of money by way of dama-

ges, does not preclude the recovery of the same amount by way of equitable relief, if the facts entitle the plaintiff to such relief.

The complaint set forth a lease of certain hotel property in Omaha, which lease contained the following clause: "A lien to be given by the said lessees to said lessors, to secure the payment thereof (*i. e.*, the rent), on all the furniture that shall be placed in said hotel by said lessees." It then alleged the taking possession by the lessees, and their placing in the hotel a large amount of furniture, and their subsequent abandonment of it, they being utterly insolvent. It is then alleged that defendant took possession of the furniture, sold the same, and converted the proceeds, leaving a large amount of rent unpaid, in fraud of the rights of plaintiff (who claimed as assignee of the lessor), and who was thus prevented from enforcing his lien thereon. The complaint further alleged that defendant had in its possession the avails of the sale of said furniture, which justly belonged to plaintiff by virtue of the alleged lien, and wrongfully withheld the same from the plaintiff, to his great damage, etc. Upon demurrer,—*Held* (ALLEN, J., FOLGER and RAPALLO, JJ., concurring), that it was immaterial whether plaintiff's right was based upon a legal title to the property, or upon an equity entitling him, as against defendant, to pursue the avails thereof; that the clause in the lease did not create a lien, but was a covenant to do so, and one of which a court of equity would decree a specific performance; that if the property had remained unchanged in defendant's possession, plaintiff could have followed it in equity, and that, as these remedies are lost by the wrongful act of the defendant, plaintiff could acquire, claim and have a lien upon the avails in place of the property itself; and that, therefore, the complaint contained a sufficient cause of action.

(Argued May 27, 1872; decided June 11, 1872.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, reversing an order of Special Term overruling demurrer to complaint, and directing a judgment dismissing the complaint.

The first count of the complaint alleged in substance:

That, on the 22d day of June, 1867, " the Credit Foncier of America," a corporation organized under the laws of the State of Nebraska, and the owner and in possession of a hotel building situate in the city of Omaha, in said State, as party of the first part, and Edward Cozzens and John M. Bettman as parties of the second part, made and executed a lease or indenture in writing, in and by which said corporation leased the said hotel, then in course of erection, and premises to the

parties of the second part for the term of five years, commencing at the time possession was taken thereof; possession to be given the lessee within forty-five days from June 7th, 1867, or thirty days from date of lease, and said lessee to receive the same if ready for delivery at that time, the said lessee agreeing to pay therefor the sum of $10,500 per annum; the said lease contains, also, the following clause: "And a lien to be given by said lessees to said lessors to secure the payment thereof (*i. e.*, the rent) as hereinbefore stipulated on all the furniture which shall be placed in said hotel by said lessees."

That said lease was duly acknowledged and recorded in the office of the clerk of Douglas county, where said hotel and premises were situated; that said lessees took possession of said premises in pursuance of the terms of the lease, and put into the hotel a large quantity of furniture, and kept a hotel therein until November 1st, 1867, when they abandoned it without the consent of the lessor; that on the 22d day of July, 1867, the lessor assigned and transferred the said lease and all its rights, title and interest therein, and to the rents due and to grow due thereon, to the plaintiff.

That defendant, on the 1st of May, 1868, by its officers, etc., took possession of said furniture, sold and wrongfully converted the same to its use, receiving therefor the sum of $10,117.81. That defendant has in its possession said avails which justly belong to plaintiff under said lien; that he has demanded of defendant the amount so received, which defendant refuses to pay.

Defendant demurs upon the ground "that complaint does not state facts sufficient to constitute a cause of action."

The second count alleges that defendant, on or about May 1st, 1868, wrongfully and unlawfully took possession of a large quantity of furniture, etc., upon which plaintiff had a good, valid and prior lien, and, without the consent of plaintiff, sold and converted the same, etc.

Defendant demurred upon the ground "that complaint does not state facts sufficient to constitute a cause of action."

*Edward T. Bartlett* for the appellant. Equity will consider that done which ought to have been done. (1 Story's Eq., 64; 4 Bouvier's Ins., N., 3729; 1 Fonblanque Eq., b. 1, ch. 6, 8, 9, note; *Crary* v. *Leslie,* 3 Wheat., 578.) A lien by judgment is always subordinate to a prior equitable lien, whether of record or not, or executed or not. (*Finch* v. *Earl of Winchelsea,* 1 P. Wms., 277; *Burgh* v. *Franciss,* 5 Bac. Abr., 41; Coote on Mort., 185; Willard's Eq. Ju., 443, 444; *Langton* v. *Horton,* 1 Hare, 549; *Whitworth* v. *Gangain,* 3 id., 465; *Ellis* v. *Tousley,* 1 Paige, 284; *Dwight* v. *Newell,* 3 Comst., 187; *Moyer* v. *Hinman,* 3 Kern., 188.) Plaintiff, as assignee of the lessor, had a lien in equity upon the property. (*Wright* v. *Wright,* 1 Vesey, 409, 411; *Beckley* v. *Newland,* 2 P. Wil., 182; *Hobson* v. *Trevor,* 2 id., 191; *Langton* v. *Horton,* 1 Hare, 549; *Case of Ship Warre,* 8 Price, 269, *n.*; *Curtis* v. *Auber,* 1 Jac. & Wal., 506; *Mitchell* v. *Winslow,* 2 Story, 639; 2 Story Eq. Ju., § 1231, and cases cited; Cross on Liens, ch. 12, pp. 187, 188, 191, 192; *Prebble* v. *Boghurst,* 1 Swanstons, 309; *Needham* v. *Smith,* 4 Russell, 318; *Randall* v. *Willis,* 5 Vesey, 262, 274, 275; *Simond* v. *Hibbert,* 1 Russell & Mylne, 719; also, particularly, *Seymour* v. *Canandaigua and Niagara Falls R. R. Co.,* 25 Barb., 284; *Wood* v. *Lester,* 29 id., 145; *Field* v. *The Mayor of New York,* 2 Seld., 179; *Stover* v. *Eyclesheimer,* 3 Keyes, 620; 41 N. Y., 374; 1 Keyes, 199.) This equitable interest is sufficient to maintain trover. (*Van Bokkelin* v. *Ingersoll,* 5 Wend., 315, and cases cited; *Hendricks* v. *Decker,* 35 Barb., 298, and cases cited.)

*Lyman Tremain* for the respondent. The complaint must state all facts which it is necessary for plaintiff to prove in order to make out his cause of action. (Code, § 142; *Freeman* v. *Fulton Fire Ins. Co.,* 14 Abb., 398; *Rodi* v. *Rutgers Fire Ins. Co.,* 6 Bosw., 23; *Allen* v. *Patterson,* 7 N. Y., 478; *Brady* v. *Ryder,* 10 N. Y., 363.) Otherwise it is demurable. (Code, § 144.) And a demurrer following the language of subdivision six is sufficient. (*White* v. *Brown,* 14 How., 282;

*Haine* v. *Baker*, 1 Seld., 357 ; *Spear* v. *Downing*, 34 Barb., 523.) The demurrer does not admit conclusions of law. (*Hall* v. *Bartlett*, 9 Barb., 297 ; *City of Buffalo* v. *Holloway*, 7 N. Y., 493 ; *Kinnier* v. *Kinnier*, 45 N. Y., 535.) Where allegations are contradictory, the demurrer only admits those the law adjudges to be true. (*Freeman* v. *Frank*, 10 Abb., 370.) The clause in the lease under which plaintiff claims, is not available as a mortgage. (2 Bouv. Law Dict., 485 ; Hill. on Mort. ; *Butler* v. *Miller*, 1 N. Y. [1 Com., 496, 500] ; *Brownell* v. *Hawkins*, 4 Barb., 491, 492 ; *Milliman* v. *Neher*, 20 Barb., 37–40 ; *Buskirk* v. *Cleveland*, 41 Barb., 610, 612.) If construed as a mortgage it is void. (*Right* v. *Buckwell*, 2 B. & A., 278 ; Gilbert on Uses, 116, 117 ; *Jones* v. *Roe*, 3 Term, 88 ; *Williams* v. *Lucas*, 2 Cop. Cases, 160 ; *Williams* v. *M. Ins. Co.*, 4 Metc., 306 ; *Otis* v. *Sill*, 7 Barb., 102 ; *Munsell* v. *Carey*, 2 Cush., 50 ; *Bernard* v. *Eaton*, 2 Cush., 296 ; *Garden* v. *McEwen*, 19 N. Y., 123 ; *Van Heusen* v. *Radcliff*, 17 N. Y., 480, 482 ; *Condenean* v. *Smith*, 41 Barb., 404 ; *Crynoweth* v. *Tenny*, 10 Wis., 398, 402 ; *Sum* v. *Thornton*, 50 E. C. L., 379 ; *Head* v. *Goodwin*, 37 Me., 182.) It is also void for uncertainty. (*Buskirk* v. *Cleveland*, 42 Barb., 619 ; *Winslow* v. *M. Ins. Co.*; 4 Metc., 300, 316 ; *Hunt* v. *Bullock*, 23 Ill., 320.) It cannot be sustained as an equitable lien. (*Rogers* v. *Hosacke exrs.*, 18 Wend., 318 ; see cases cited on page 334 ; *Otis* v. *Sill*, 8 Barb., 102 ; Story's Equity, 1249 ; *William* v. *Lucas*, 2 Cop. Cases, 160.) At best it is but an executory contract, binding on the lessee personally, but not following the property. (See cases above cited ; also, *Stoker* v. *Holden*, 1 Kern., 152 ; *Pendon* v. *Jackson*, 1 Rus., 1, 26, 44 to 50 ; *Carlton* v. *Leighton*, 3 Meriv., 667–672 ; *Mestaer* v. *Gillespie*, 11 Vesey, 635 ; *Jones* v. *Richardson*, 10 Metc., 381 ; 2 ed., ch. 438, 443 ; *Cooper* v. *Douglas*, 44 Barb., 409, 419 ; *Winslow* v. *M. Ins. Co.*, 4 Metc., 306, 316 ; *Crynoweth* v. *Tenny*, 10 Wis., 398.)

ALLEN, J. The demurrer is general to the complaint, and if in either count a sufficient cause of action is alleged the

demurrer should have been overruled. The court below take no notice in assigning their reasons for the judgment given of the second cause of action. If the allegations in that count were not as definite and certain as they might or should have been, the remedy was not by demurrer, but by application under section 160 of the Code, that they be made definite and certain by amendment.

It is not intended to intimate that the count is objectionable in this respect. That question is not before us. The nature of the charge is very obvious from the allegations, although they are brief and very general. The plaintiff avers that he had a good and valid lien in writing, upon a large quantity of household furniture of the value of $15,000, to secure the payment of $10,500, which was well known to the defendant, and that the latter in violation of his rights, and without the consent of the plaintiff, sold and converted the same to its own use, by means whereof the plaintiff was deprived of his lien and lost its debt. These facts if properly pleaded, and no objection is taken to the form of the complaint, constitute a good cause of action.

The defendant, without claim or color of title, destroying or converting to its own use chattels in which the plaintiff had a special property, is liable at the suit of the latter for the value of his special property, the damages actually sustained by him.

The complaint does therefore state facts sufficient to constitute a cause of action, and the defendant should have been put to an answer. If the facts alleged as a first cause of action were sufficient to sustain an action, either at law or for equitable relief, the demurrer should have been overruled for that reason. The relief demanded by no means necessarily characterizes the action or limits the plaintiff in respect to the remedy which he may have. If there be no answer, the relief granted cannot exceed that which the plaintiff shall have demanded in his complaint. (Code, § 275.) But the fact that after the allegation of the facts relied upon the plaintiff has demanded judgment for a sum of money by way

of damages does not preclude the recovery of the same amount upon the same state of facts by way of equitable relief.    The relief in the two cases would be precisely the same ; the difference would be formal and technical.    If every fact necessary to the action is stated, the plaintiff may even, when no answer is put in, have any relief to which the facts entitle him consistent with that demanded in the complaint. (*Brady* v. *Aldrich*, 40 N. Y., 504.)    The concluding paragraph in the statement of the first cause of action following the allegations as to the title of the plaintiff and interest in the property, and the sale and conversion thereof by the defendant, and the amount received by him for the same, is to the effect that the defendant has in his possession the sum of $10,117.81, avails of the sale of the furniture, which justly belongs to the plaintiff under his lien or title as set forth, and unlawfully withholds the same from the plaintiff, to his great damage.    Now, whether the rights of the plaintiff to the money are based upon a legal title to the property sold, upon which an action upon the case for a conversion or for money had and received would lie, or upon an equity entitling the plaintiff to pursue the money as his, in conscience and equity, as against the defendant, is not material.    That would only affect the form of the trial ; the relief to which he would be entitled in either case would be the same, to wit, a judgment for the money illegally withheld, which is the judgment demanded in the action.

Very likely the action cannot be maintained as a common-law action of trover, although it is not necessary to pass upon that question.    That action can only be brought by one having the legal title, either as a special or a general owner, one having the legal right to the possession.

In asserting a cause of action at law, the plaintiff must establish a legal right to the possession of the property and show a disturbance of that right, and cannot go beyond or behind the written agreement in which the parties have deliberately set down their agreement and all the terms and conditions which either deemed material.    All prior negotia-

tions are merged in the written lease and covenant of the parties, and parol proof of any prior or simultaneous negotiations or agreements of the parties, or of any secret understanding, would be inadmissible. (*Lincoln* v. *Crandell*, 21 W. R., 101; *La Farge* v. *Rickert*, 5 id., 187; 1 Greenlf. Ev., § 275; *Warren* v. *Wheeler*, 8 Met., 97; *Pollen* v. *Le Roy*, 30 N. Y., 549; *Halliday* v. *Hart*, id., 474.)

The circumstances under which the agreement was made may be referred to in aid of the interpretation of the instrument, if its terms are ambiguous or uncertain, but the rule excludes all evidence of the language employed by the parties in making the contract, other than as set down in the writing itself. The lease and agreement does not in terms import a present grant or pledge to take effect as the property shall be placed in the hotel and thus come within the description of the grant, but is rather a covenant to create a lien upon it by a proper instrument when it shall have been brought upon the premises, or at least after the lessee and covenanter shall have procured it.

The lessee covenants to pay the rent as it shall become due, and add, " a lien to be given by the said lessees to said lessor to secure the payment thereof on all the furniture that shall be placed in said hotel by said lessees." The parties evidently contemplated some further and other act, or deed, to complete and perfect the security. (*Grosvenor* v. *Allen*, Clark, 275; *Jackson* v. *Moncrief*, 5 W. R., 26; *Andrews* v. *Durant*, 1 Kern., 35; *Decker* v *Furniss*, 14 N. Y., 611.)

It was a covenant, however, which a court of equity would specifically perform against the covenanters. As soon as the lessees had furnished the hotel and placed the furniture therein, the lessor could have required of them security in proper form upon the property, and had they refused upon request to give the lien agreed upon, a specific performance would have been decreed. A contract for the sale of chattels will not ordinarily be specifically performed, for the reason that the party can have adequate compensation at law, but the reason does not apply to an agreement for a lien or security

upon personal property, when there can be no remedy at law. (Story Eq. Jur., § 717.)

A pledge of growing crops to secure advances of money, and acceptance of drafts by an agent, was specifically performed in *Sullivan* v *Tuck* (1 Md. Ch. Dic., 59); see, also, Story Eq. Jur., § 721, *et seq.* Had the lessor claimed a specific performance of the agreement, and the perfecting of a lien upon the furniture as against the lessees while they remained in possession of the demised premises, and after the furniture had been placed in the hotel, no one would have questioned the right of the landlord to the security agreed upon, and no court exercising the ordinary jurisdiction of courts of equity would have hesitated to decree specific performance and compelled the execution of the proper instrument to give the lien. That remedy cannot be had, for the reason that, by the wrongful act of the defendant, the property has been removed and a specific performance rendered impossible. The lessees are insolvent and unable to pay the rent due, and the defendant, without right or authority, or color of right or authority, and with full notice of the equities of the plaintiff, has taken the property and sold the same, and received the avails, to an amount more than sufficient to satisfy the plaintiff's claim. The defendant is trespasser as well against the tenants, the general owners of the property, as against the plaintiff. The defendant makes no title to the property, as purchaser, creditor or otherwise. Had the property remained, without change, in the possession of the defendant, the plaintiff could, in equity, have followed it, and asserted, by action in proper form, his equitable right in respect to it; and unless the defendant could have shown a superior title or a higher equity, the plaintiff would have had the benefit of his lien. The defendant has now the money, the avails of the property, and there is no good reason why the plaintiff may not, upon the facts admitted by the demurrer, as against the defendant, who has neither legal or equitable title—nothing but a naked possession, tortiously acquired—claim to have a lien upon that in place of the property. If the defendant has or claims

any title to the property, or rights over it, as purchaser, judgment creditor or otherwise, it is possible questions of priority and precedence may arise; but upon the allegations of the complaint, admitted by the demurrer, the defendant has no right to question the plaintiff's claim.

The judgment of the General Term must be reversed, and judgment of the Special Term affirmed, with costs, unless the defendant shall, within twenty days after notice of the filing of the remittitur in the court below, serve upon the attorney for the plaintiff an answer to the complaint, duly verified, and pay the costs of the action from the time of putting in the demurrer.

The court below made a very liberal extra allowance to the defendant upon giving judgment in its favor.   The reason for any extra allowance in a case like this is not very obvious, but it is enough to say that we do not think it a case for an extra allowance by this court to the plaintiff.

Judgment must be given in accordance with the views expressed, the plaintiff to have the costs allowed by law.

FOLGER and RAPALLO, JJ., concur; CHURCH, Ch. J., GROVER and PECKHAM, JJ., concur in result, on ground first stated in opinion.

Judgment accordingly.