# NEW YORK SUPERIOR COURT.

Seth W. Hale agt. The Omaha National Bank.

*Lease of hotel property — lien on furniture — alleged conversion.*

Where a lease of hotel property contained an agreement, on the part of the lessees, that a lien should be given by them to the lessor on all furniture which should be placed in the hotel, contemplating the execution of a further instrument to create a lien, such covenant can be enforced in equity, and the lessees be obliged to give the security provided for, to secure the payment of the rent.

Where the assignee of the landlord, plaintiff, without having taken any steps to create the lien provided for in the lease, upon the property which had been placed in the hotel after the tenants had taken possession, subsequently took from them a chattel mortgage, covering the property in the hotel, to secure the sum of $5,000, moneys loaned by him to them; and, after the defendant had, in an action, recovered possession of said property under a second chattel mortgage, given by the lessees to it, the plaintiff assigned his mortgage to defendant for a full consideration paid to him, and the defendant thereupon sold the property upon both mortgages, realizing barely sufficient to satisfy both mortgages:

*Held,* that the evidence produced was insufficient to satisfy the court that, before the defendant took its mortgage, it had any knowledge of the provisions in the lease in plaintiff's favor, in respect of the lien to be given by the lessees to the landlord; and no such notice was given by the plaintiff on a sale of the property.

In this action, brought by the plaintiff for a conversion of the property by the defendant, by means of which the plaintiff, as is alleged, is unable to enforce his lien, *held,* that the complaint be dismissed, with costs.

*Special Term, April,* 1874.

*Edward T. Bartlett,* for plaintiff.

*Wheeler H. Peckham,* for defendant.

VAN VORST, *J.*—The lease executed by Cozzens and Bet-man, as tenants, does not create an actual lien at law upon their personal property, but it contains an agreement, on their part, that a lien should be given by the lessees to the lessors, on all furniture which should be placed in the hotel. The agreement contemplated the execution of a further instrument to create a lien.

Such covenant could be enforced in equity, and the lessees be obliged to give the security provided for, to secure the payment of the rent (*Hale* agt. *Bank of Omaha*, 49 *N. Y.*, 626).

The plaintiff, on the 22d July, 1867, became the owner of the lease, by assignment, executed to him by the original landlord.

Without having taken any steps to create the lien provided for in the lease upon the property, which had been placed in the hotel, after the tenants had taken possession, the plaintiff, on the 14th day of October, 1867, took from the lessees a chattel mortgage, covering the property in the hotel, to secure the payment of the sum of $5,000 and upward, moneys loaned by him to them.

On the 10th March, 1868, the lessees executed to the defendant a second mortgage on the furniture and chattels in the hotel, to secure the payment of the sum of $5,900, theretofore loaned by the defendant to the lessees, and then due and owing, but the payment of which was extended sixty days, when the mortgage was given.

On the 28th April, 1868, the defendant, under and by virtue of its mortgage, took possession of the chattels in an action commenced by it against the lessees to recover such possession. In the action, it was adjudged that the defendant, as mortgagee, was entitled to such possession.

The defendant removed the property covered by its mortgage from the hotel, and while the same was in its possession under its mortgage, and on the 24th day of September, 1868, the plaintiff assigned to the defendant, in consideration of the

sum of $5,600 paid therefor, the mortgage which had been executed to him on the 14th day of October, 1867. The defendant retained possession of the property, under both mortgages, until the 20th November, 1868, when they sold the same at public auction. The sale was made under both mortgages; notice of the time and place of sale being published for thirty days in the Omaha newspapers.

The evidence fails to satisfy me that, before the defendant took its mortgage, on the 10th March, 1868, it had any knowledge of the provisions in the lease in plaintiff's favor, in respect of the lien to be given by the lessees to the landlord.

Betman, one of the lessees, testifies that he gave notice of the lien to the cashier of the defendant, before the execution of the mortgage, but this statement is positively denied by the cashier, and both he and the president of the bank deny that they knew of such provision in the lease before taking the mortgage.

In May, 1868, at the time of the meeting of the creditors of the lessees in New York, a claim to a lien on the property, under the lease, was urged by the plaintiff, but its validity was denied by the president of the defendant.

This action is brought for a conversion of the property by the defendant, by means of which the plaintiff, as is alleged, is unable to enforce his lien.

In the first cause of action alleged in the complaint, the plaintiff claims that the defendant wrongfully converted the property and its avails, and in the second cause of action he alleges that the defendant wrongfully and unlawfully took possession of and sold the property, and disposed of the same to its use. It cannot be successfully claimed that the defendant's action in removing the property under the mortgage in its favor was wrongful or unlawful.

In taking such steps, defendant acted under the authority and power conferred by the mortgagors, who were, at the time of the execution of the mortgage, the owners, and in possession of the property.

It is difficult to perceive with what propriety the plaintiff can now object to the exercise of such legal right by the defendant, since, after the removal of the property, and with knowledge thereof, he voluntarily and for a valuable consideration assigned to the defendant his mortgage, taken anterior to that executed to the defendant, and which mortgage also authorized and empowered the mortgagee to take possession of and sell the property at public auction. A person should not be allowed to say that the act of another is wrongful or unlawful against him when he had authorized it to be performed.

At the time of the assignment of the mortgage to the defendant, it does not appear that the plaintiff made any claim to a lien on the property. He had taken no steps to acquire a lien. The assignment of the mortgage does not import that the same was made subject to any claim of lien in plaintiff's favor.

The assignment was made, professedly, subject only to the proceedings then pending in bankruptcy against the mortgagors; such single exception would appear to exclude any other claim.

From the facts and circumstances it is evident that defendant purchased the first mortgage to protect its possession and right under the second. This must have been understood by both parties. The plaintiff was advised by the affirmative act of the defendant, in taking possession under its mortgage and holding same, of its intention to have the property applied to the payment of the mortgage. Of necessity, any sale under the second must have been subject to the plaintiff's rights under the first. Hence it was an act of prudence on the part of the defendant to acquire the plaintiff's mortgage, and it was advantageous to the plaintiff to dispose of his mortgage, for by its sale he received the full amount secured to be paid thereby. Besides, the mortgaged property was barely a security for the payment of the two mortgages. The amount realized on the sale was $10,117.81, which was

Hale agt. Omaha National Bank.

insufficient to pay the amount secured by the mortgages, less the expenses of sale.

There is no dispute but that the property brought its full value. The action of the plaintiff in assigning his mortgage is inconsistent with any claim of lien upon the property; and is an acquiescence in the act of the defendant in taking possession of the property under the mortgage in its favor, and the assertion of its rights thereunder.

The power to sell was an incident to the ownership of the mortgages.

A chattel mortgage is a sale of the property to the mortgagee; there remaining, however, in the mortgagor an equity of redemption. To cut off this equity a sale of the property on notice was necessary.

This right of possession of the chattels and to sell same passed to the defendant by the assignment of the plaintiff's mortgage. The force of this conclusion is not at all weakened by the fact that the defendant, being in possession, could have sold the property under the second mortgage. The assignment of the plaintiff's mortgage enabled the defendant to do the same thing, and it was made while the defendant was publicly exercising his right of ownership under the second mortgage.

In addition, the plaintiff, if he still claimed an equitable lien, could have given notice of same at the sale, and have followed the property in the hands of purchasers at the sale, and have still had the same impressed with his lien, and that, it appears to me, was his remedy, if any.

The plaintiff's complaint should be dismissed, with costs.