By the Court.
Ingraham, J.
The referee directed judgment for the defendants on the ground that the cause of action proved on the trial was barred by the statute of limitations, and the question to be determined on this appeal is which of the sections of the Code providing for the limitation of the time in which actions shall be *344 commenced, applies to the cause of action proved on the trial.
It is clear that plaintiffs have no cause of action against the defendants on the judgment rendered in the action in the supreme court of the District of Columbia. The defendants were not parties to that action. Plaintiffs’ cause of action against defendants arises out of the act of the defendants after the commencement of that action. Taken in the most favorable view for plaintiffs, the judgment in the supreme court of the District of Columbia was conclusive as against the defendants in that action and all parties claiming under them, as to the plaintiffs’ lien upon the award of the commissioners and on the securities in which such award had been invested ; but the judgment itself imposed no liability upon defendants in this action to pay any sum of money to plaintiffs. Nor did a trust relation exist between plaintiffs and defendants, that would justify the plaintiffs in treating the defendants as trustees. On the appointment of George W. Eiggs, as receiver, by the supreme court of the District of Columbia, Eiggs became trustee for the plaintiffs. Such award was paid to him as receiver, and he, under the direction of the court that appointed him,, invested such award in bonds of the District of Columbia. Such bonds in the hands of the receiver became trust property. The receiver was the trustee, and as long as such trust continued, he was liable as a trustee to the owners of the bonds or any one having an interest in them.
The court that appointed him such receiver granted a judgment in the action in which he was appointed, by which it was adjudged that the complaint be dismissed, and that the receiver be directed to pay the funds held by him as such to the defendants in that action, and thereupon said receiver should be discharged.
In pursuance of said decree the receiver delivered the bonds, in which the award had been invested, to the defendants in that action as directed by said decree. He *345 reported the same to the court, and such report was confirmed.
It is clear that by this action the trust came to an end. The trustee was discharged and the bonds were no longer trust property. The bonds, having been purchased with the proceeds of the award, stood in the place of the award, and the plaintiffs having a lien on tire award the lien attached to the bonds, and as long as the bonds remained in the hands of the defendants" in that action, they were subject to such lien.
The defendants there, however, were not trustees for the plaintiffs. They had agreed that the plaintiffs should have a lien upon the award, not that they were to act as trustees for plaintiffs in collecting the award and paying them the amount thereafter to which they were entitled, or to hold it in trust for them.
On the delivery of the bonds to the defendants in the action in the supreme court of the District of Columbia, under the decree of the court such defendants became the owners of the bonds, subject to the lien of the plaintiffs, and as such owners, subject to that lien, had a right to sell the bonds ; and as long as these bonds remained intact in the hands of the defendants in that action, or in the hands of any one receiving them with notice of the lien, such lien could be enforced in equity.
The defendants in that action, therefore, had the right to sell the said bonds to Biggs & Co., the defendants in this action, who having received them with notice of such lien, became the owners of the bonds subject to the lien ; so, as long as the bonds remained in the hands of the defendants in this action, plaintiffs could have enforced their lien in equity. Plaintiffs could not recover a judgment against the defendants at law, as defendants were under no obligation to pay the plaintiffs any money. They simply owned property upon which the plaintiffs had a lien.
The defendants could sell the bonds subject to such lien, and so long as the hen was not destroyed or affected by *346 such sale, defendants would not be liable to plaintiff. There was no agreement by defendants, express or implied, to pay the amount of the lien to plaintiffs, and the mere fact of the ownership of the property on which the hen existed imposed no obligation on the owners to pay the amount of the hen. •
Up to the time, therefore, that the bonds were sold to bona ficle purchasers without notice and for value, plaintiffs could not have recovered any personal judgment against the defendants. Prior to the sale of the bonds by the defendants there was no obligation on the part of the defendants to pay plaintiffs anything, and if there is any cause of action against the defendants it arises from the acts of the defendants in selling the bonds. The bonds being negotiable, however, a sale to a bona fide purchaser without notice for value, would convey a good title to the purchaser, discharged of the lien, and would prevent plaintiffs from enforcing their hen against the bonds. Defendants, being the owners of the bonds, subject to such hen, sold them to such bona fide purchasers and thus destroyed the plaintiffs’ hen thereon.
It is well settled in this state that this act of the defendants gave the plaintiffs a right of action against defendants for the destruction of such equitable lien.-
In Hale v. Omaha Nat. Bank (49 N. Y. 626 ; S. C., 64 N. Y. 655), it was held that such an action could be maintained, and in Husted v. Ingraham (75 N. Y. 251), it was held that where the defendant had sold property subject to an equitable hen, in hostility to the hen, or in such a way that the hen was destroyed, plaintiff had a cause of action against the person selling the property.
I think it clear that plaintiffs’ hen on the bonds was personal property. Subdivision 7 of section 3343 of the Code defines the words “personal property” to include money, chattels, things in action, and evidences of debt, and by subdivision 10 of the same section, an injury to property is an actionable act whereby the estate of an *347 other is lessened, other than a personal injury, or a breach of contract.
The plaintiffs’ lien upon these bonds was, under this definition, clearly personal property, and the act of the defendants in destroying that lien was an act whereby the estate of the plaintiffs was lessened, and it was thereby an injury to his property.
By subdivision 3 of section 382 of the Code it is provided that an action to recover damages for an injury to property must be commenced within six years after the cause of action accrued. I think it clear that the cause of action accrued at the time the lien was destroyed. That lien was not created by the judgment of the supreme court of the District of Columbia, but was created by the agreement between the parties, and the moment the award was made, the lien attached to such award.
On the payment of the award to the receiver and his investing the amount paid in the bonds, the bonds stood in the place of the award, and the lien attached to those bonds. The judgment of the supreme court did not create the lien, but it established that such lien had existed by agreement between the parties, and the act of the defendants in destroying the Hen when they sold the bonds in December, 1875, gave plaintiffs an immediate cause of action against them for such wrongful act. The cause of action, therefore, accrued in December, 1875, and was barred by the provisions of the section above referred to, in December, 1881. This action not having been commenced until April, 1884, such cause of action was barred by the statute.
We do not think that plaintiffs had a cause of action against the defendants to which the ten years’ Hmitation contained in section 388 of the Code would apply. Plaintiffs had no cause of action against the defendants for the enforcement of the equitable lien. The property upon which the Hen had existed was not in possession of the defendants, nor did the defendants have at the commence *348 inent of this action any thing upon which the plaintiffs’ lien existed.
There can be no lien upon the proceeds of the bonds in the hands of the defendants. Defendants were the owners of the bonds subject to plaintiffs’ lien, and as such sold the bonds and received from the purchasers the price for which they were sold. As before stated, plaintiffs had their action for any damages sustained by them in consequence of the wrongful act of the defendants, and that right of action is based upon the act of the defendants in destroying the lien. If the lien was not destroyed the right of action would not exist.
The defendants sold their interest in the bonds and received the proceeds, and it does not appear that such proceeds were held by them as a fund to which the lien could attach, but the sale was made by them as owners, and the proceeds used by thepi as their own.
This subject was exhaustively discussed by Mr. Justice Daniels in the case of Pierson v. McCurdy (33 Hun, 520), and it was there held that where trust property was received by a third person with notice of the trust, the remedy was either an action for money had and received, or for a conversion of property lawfully belonging to another, and that to such causes of actions the six years’ statute of limitations applies.'
It might be that on the facts in this case, plaintiffs would have a cause of action against the defendants for the proceeds of the plaintiffs’ interest in the bonds received by defendants, in the nature of an action for money had and received, but if such a cause of action existed it was barred by the statute.
We agree, therefore, with the referee, that plaintiffs’ cause of action against defendants was barred by the statute, and the complaint was properly dismissed.
The exhaustive examination of the authorities by the referee renders a further review of them unnecessary. Judgment should be affirmed, with costs.
Sedgwick, Ch. J., and Freedman, J., concurred.