T. SCOTT THACHER, as Executor, etc., of OTIS THACHER, Deceased, Appellant, v. HOPE CEMETERY ASSOCIATION, Respondent.

*Statute of limitations — it will not begin to run until the plaintiff has actual knowledge of facts — Code of Civil Procedure, sec. 410.*

This action was brought, on October 5, 1883, by the plaintiff, as executor of Otis Thacher, deceased, upon a certificate, dated August 1, 1864, issued by the defendant corporation, under the provisions of chapter 133 of 1847, as amended by chapter 163 of 1860, which reads as follows: "We certify that Otis Thacher has this day loaned to the Hope Cemetery Association $300. It is agreed upon the part of the said association that one-half of the receipts from the sale of lots shall be applied exclusively to the payment of the sum of $2,500 loaned to said association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon, said interest to be payable annually, and the receipts to be so applied shall be distributed on the first day of July and the first day of January, in each year, until said sum shall be fully paid." Upon the trial it was shown that the defendant had received proceeds of sales of lots more than sufficient to satisfy the plaintiff's demand, but as it appeared that such receipts had been received more than six years before the action was commenced the plaintiff was nonsuited.

*Held,* that it was error to do so.

That the certificate was not a positive and unconditional promise to pay, but simply an undertaking to apply and distribute, in the manner and at the times therein specified, one-half of the receipts received from the sale of lots.

That as the proceeds received from such sales were held by the defendant in trust for the certificate holders, and the only remedy of the plaintiff was in equity, and there was no concurrent remedy at law, the case was one in which an action for relief could be brought within ten years from the time when the cause of action accrued.

That as the receipt of the proceeds of sale was a fact peculiarly within the knowledge of the defendant, and not known to the plaintiff, notice to him of such fact was necessary to put him in default, and that as no notice was given in this case the plaintiff's right to the relief sought was not barred by the statute of limitations.

APPEAL from a judgment, entered upon a verdict in favor of the defendant directed by the court at the Steuben Circuit, and from an order of the Monroe Special Term denying a motion for a new trial on a case.

*Wesley Brown,* for the appellant.

*J. H. & C. W. Stevens,* for the respondent.

SMITH, P. J.:

The defendant is a corporation organized under chapter 133 of the Laws of 1847, entitled "An act authorizing the incorporation of rural cemetery associations," as amended by chapter 163 of the Laws of 1860, and other acts. By the acts referred to the trustees of any association organized thereunder were authorized, with the consent of creditors, to fund the indebtedness of such association, contracted for the purposes therein specified, by issuing certificates for the amount thereof, in sums of $100 each, payable at such time, and drawing such interest as might be agreed upon, in satisfaction and discharge of such indebtedness. By the same acts it was made the duty of said trustees, at least twice in each year, to apply one-half of the proceeds of all sales of lots and plats to the redemption of such certificates, severally, until the whole should be paid. In pursuance of such authority the defendant, by its duly authorized agents, issued to Otis Thacher, the plaintiff's testator, a certificate dated the 1st day of August, 1864, of which the following is a copy, to wit:

"We certify that Otis Thacher has this day loaned to the Hope Cemetery Association $300. It is agreed upon the part of the said association that one-half of the receipts from the sale of lots shall be applied exclusively to the payment of the sum of $2,500 loaned to said association by divers persons, of which the said sum of $300 forms a part, and for the payment of the interest thereon, said interest to be payable annually, and the receipts to be so applied shall be distributed on the first day of July and the first day of January in each year, until said sum shall be fully paid.

"August 1, 1864.

"(Signed.)     "A. L. SMITH, *President.*
"M. ADSIT, *Treasurer.*"

Otis Thacher died in the year 1868, leaving a will, and this action is brought by his executor, upon said certificate. The action was begun on the 5th of October, 1883. The principal question is, whether the cause of action is barred by the statute of limitations. To answer that question, it is necessary to determine the nature of the defendant's obligation. The certificate is not a positive and unconditional promise to pay; the undertaking is, to apply and distribute, in the manner and at the times therein specified, one-half of the receipts from the sale of lots. Until the association realizes something from the sale of lots, it is under no obligation to apply anything to the payment of the certificates, either of principal or interest. The phraseology, "interest to be payable annually," and "the receipts to be so applied shall be distributed on the first day of July and the first day of January in each year," simply indicates the dates at which the receipts from the sale of lots, if any there are, shall be applied to the payment of interest and principal, respectively. The terms of the certificate, thus construed, accord with the statute under which it was issued. The fourth section of the act of 1860 above referred to, provides as follows : "Nothing in this act contained shall be construed, to create a lien upon lots or plats belonging to individual proprietors, within the cemetery limits, nor any other or greater liability against the association or trustees issuing said certificates, than may be necessary to enforce the faithful application of the proceeds of sales, in the redemption thereof, in the manner aforesaid." Such being the nature of the obligation, the trustees, on receiving the proceeds of the sale of lots, held one-half thereof, in trust for the certificate holders, to apply the same as stipulated in the certificates. The trust was a strict, technical one ; the only remedy was in equity, to compel an accounting and a proper distribution and application of the fund ; there was no concurrant remedy at law ; and the case was one in which an action for relief would be in time, if brought within ten years from the time when the cause of action accrued. So far as this point is concerned, it is immaterial whether or not the cause of action was complete before the provision of the present Code in respect to the limitation of actions took effect, they being substantially the same on this point as those of the pre-existing Code. (Code of Pro., § 97 ; Code of Civ. Pro., § 388.)

The statute of limitations, then, began to run when the cause of action accrued. And, when was that? Not, as we conceive, until the plaintiff demanded, or ought to have demanded, an accounting and application of his distributive share, or the defendant in some way denied the plaintiff's right, so that the defendant's holding of the money became adverse. No demand and refusal, or adverse holding or claim is proved. As the receipt of the proceeds of sales was a fact peculiarly within the knowledge of the defendant, and not known to the plaintiff, notice to the latter of such fact was necessary to put him in default for not making a demand. No notice is shown. If notice and demand were necessary, the case is controlled by section 410 of the Code (see sec. 414), and according to that, the statute did not begin to run until the plaintiff had notice. If these views are correct, the plaintiff's right to relief is not barred by the statute of limitations.

We have not failed to observe that the complaint herein does not ask for equitable relief, but demands judgment for a specific sum of money. But the complaint alleges the facts which entitle the plaintiff to the equitable relief above pointed out. It has been held that the relief demanded does not necessarily characterize the action or limit the plaintiff in respect to the remedy which he may have, and the fact that the plaintiff has demanded judgment for a sum of money by way of damages, does not preclude the recovery of the same amount, by way of equitable relief, if the facts entitle the plaintiff to such relief. (*Hale* v. *Omaha Nat. Bank*, 49 N. Y., 626.) Indeed, upon the trial now under review, all the facts were shown which would have been requisite to entitle the plaintiff to relief in equity. There was an accounting, and it showed that the defendant had received proceeds of sales of lots, more than sufficient to satisfy the plaintiff's demand, according to the terms of his certificate, but as it appeared that such receipt was more than six years before the commencement of the action, the plaintiff was nonsuited on that ground.

The answer set up that the plaintiff's testator had received from the defendant, deeds of four lots in the cemetery in satisfaction of the indebtedness evidenced by the certificate. There was proof that the lots were deeded, but no evidence that they were conveyed or accepted in satisfaction or payment of the claim in suit.

The judgment and order should be reversed and a new trial granted, costs to abide event.

BARKER and HAIGHT, JJ., concurred; BRADLEY, J., not sitting.

Judgment and order reversed and new trial granted, costs to abide the event.