HELEN E. EDWARDS, RESPONDENT, *v.* THE SCHOHARIE
  COUNTY  NATIONAL  BANK  AND  WILLIAM  C.
  LAMONT, RECEIVER, ETC., APPELLANTS, IMPLEADED WITH
  FRANKLIN KRUM.

*A principal furnishing money to an agent for investment is entitled to a bond and
  mortgage taken therefor in the name of the agent — the right to it can be enforced
  against the assignee of the agent unless he proves the transfer to have been made
  in good faith and for a valuable consideration — recital of a consideration — not
  evidence of the fact.*

In March, 1884, the plaintiff, pursuant to an agreement made with the defendant
  Krum, who was a large stockholder, a director and president of the Schoharie
  County National Bank, furnished to him $6,000, with which he was to pay for a
  farm about to be sold, it being agreed that a mortgage upon such farm was to be
  made to the plaintiff to secure the payment of the money so furnished. Krum bid
  off the farm at a sale in partition, had on March fourteenth, and used his own certi-
  fied check to make the payment of fifteen per cent cash, required by the terms of
  sale. On or about April first the plaintiff, upon Krum's requisition and state-
  ment that he had bought the farm, furnished the money to him, and on May first
  Krum paid the entire bid, receiving from the referee the certified check and a
  deed of the farm. On May sixth Krum convéyed the farm to another person,
  for whom he had agreed to buy it, and received from him his bond and mort-
  gage for $6,000, which were, on March 9, 1885, transferred and delivered to the
  defendant the Schoharie County National Bank, by a written instrument express-
  ing a consideration of $6,000.

Upon the trial of this action, brought by the plaintiff against Krum, the bank and
  its receiver, to have the assignment set aside and the bond and mortgage adjudged
  to belong to the plaintiff, the referee found that there was no proof that at the
  time or after.the transfer the bank paid or parted with anything in consideration
  of the transfer, or that any person other than the defendant Krum acted in
  relation to the transfer.

*Held,* that the fact that the assignment was put in evidence by the plaintiff, did not
  make the recital of the consideration paid evidence as against her, as she was

compelled to put it in evidence in order to have the court adjudge it to be invalid and set it aside, and because the recital was of a consideration in a transaction between other parties, which she was seeking to set aside.

APPEAL from a judgment in favor of the plaintiff, entered in Schoharie county, upon the report of a referee.

*E. Countryman*, for the appellants.

*N. C. Moak*, for the respondent.

POTTER, J. :

This is an appeal from a judgment entered upon the report of a referee, determining that a certain bond and mortgage set forth in the complaint belonged to the plaintiff (respondent), and not to the defendant (appellant) bank or its receiver, and should be transferred by the receiver to the plaintiff. That determination depends primarily upon the legal or equitable relation between the plaintiff and defendant Krum, and, secondarily, upon the relation between the defendant Krum and the defendant Lamont, the receiver of the bank, in respect of the mortgage and bond. The bond and mortgage are not payable to the plaintiff in terms, nor have they ever been delivered to or possessed by the plaintiff. They were, in terms, made payable to defendant Krum, and were by him transferred and delivered to the defendant bank before the commencement of this action. Nevertheless, the plaintiff has brought this action to establish that she was, at the time of the execution and delivery of the bond and mortgage to Krum, and by him to the defendant bank, and ever since, has been the equitable owner of the bond and mortgage ; and that she is entitled to the possession of the. same, and the right to control and enforce the same for her own benefit.

Upon the trial the plaintiff produced evidence, virtually undisputed, from which the referee has found these well-sustained conclusions, viz. : That plaintiff, pursuant to an agreement made in March, 1884, between her and defendant Krum for that purpose, furnished $6,000, with which Krum was to pay for a certain farm about to be sold, and that the plaintiff should have a mortgage upon such farm to secure the payment of the moneys so furnished by plaintiff to pay for the farm ; that the money was accordingly furnished, on or about the first day of April thereafter, by the plaintiff to the defendant Krum, upon his requisition therefor and statement

that he had bought the farm pursuant to said agreement; that he bid off said farm on or about the 14th of March, 1884, at a sale in partition; that he used his own credit (his certified check) with the referee, making the sale to comply with the requirement of the payment of fifteen per cent cash; that, on or about the first day of May following, the said Krum paid the referee the entire bid or purchase-price of the farm (the certified check being returned to him), and received to himself the referee's deed of the farm; that, on or about the 6th day of March, 1885, the said Krum conveyed said farm to Frumeyer (the person for whom he agreed with the plaintiff to buy the farm) for the sum of $6,000, and received therefor from Frumeyer his bond and mortgage for the same amount; that said Krum, on the 9th day of March, 1885, transferred and delivered to defendant bank the said bond and mortgage; that the consideration expressed in the assignment of the mortgage was $6,000, paid by the bank to Krum; that no other evidence of the payment of such or any consideration was given, or as to who, other than Krum, acted for the bank in the transaction.

Upon this case substantially is presented the question which — the plaintiff or the receiver has the better title to the mortgage? The first question to be considered and determined is, what were the rights of the parties themselves under the agreement to advance the money to pay for the farm and to receive a mortgage to secure its payment? There is an elementary principle of equity law involved in the solution of that question. That principle is that every person is obligated to perform his agreement with another where the agreement itself and the consideration are not contrary to law; and that other has performed his part of the agreement. That principle is differently exemplified and differently expressed according to the different subjects or conditions to which it is applied. The principle itself is carried out in cases for the specific performance of agreements. It is the same principle but differently applied when courts of equity regard that as already done which ought to have been done, or which accords the title to the principal, where the agent has purchased property with his principal's means and taken the title to himself, where he was legally obligated to take the title in the name of the principal.

Applying that principle to the findings of fact by the referee in

this case, the mortgage in suit from its creation belonged to the plaintiff and not to the defendant Krum, who assumed without right to transfer it to the defendant bank. If authorities needed to be cited to sustain this elementary principle, an abundance of them will be found in respondent's brief, notably, *Hale* v. *Omaha Bank* (49 N. Y., 633–636), *Van Alen* v. *American National Bank* (52 N. Y., 1, 4–6; 1 Story's Eq. Jur. [13th ed.], §§ 64–69). Nor would it affect or modify the application of the above rule to this case if the referee had found that the plaintiff's money was *not*, and that the money borrowed of Mrs. Sanford *was* used in the payment for the farm by Krum for these reasons, that he had agreed with plaintiff to use her money and had received it for that purpose, and had not agreed with Mrs. Sanford to use her money in that or any other specific way. If he had applied the plaintiff's money to any other than the agreed use, it was his duty to apply his own money to that use, and there was nothing in the terms of borrowing Mrs. Sanford's money to prevent his using it for such purpose.

But there is neither a finding or proof for a finding in the case, that Krum used the money he got of plaintiff or of Mrs. Sanford, or what other moneys he did use to pay for the farm. Therefore, as between the plaintiff and defendant Krum, the mortgage belonged to the plaintiff until the act of transfer by Krum to the bank. But this rule is subject to modification when the owner has permitted the agent to take a title in the agent's name, and the agent has disposed of the title to a purchaser for a valuable consideration, paid at the time of the transfer and in good faith, etc. Did the transfer or assignment, in view of the facts found by the referee, legally deprive plaintiff of her title to the mortgage, or in other words bring the transfer within the modified rule?

The referee has found that there was no proof that, at the time or after the transfer, the bank paid or parted with anything in consideration of the transfer, and that there was no proof that any other than the defendant Krum (who was the president of the bank and the assignor of the mortgage) acted in relation to the transfer. The assignment was put in evidence by the plaintiff doubtless in order to show that the bank claimed title under a written instrument, and to get the judgment of the court setting aside such instrument. But the assignment expressed that such assignment was made in

consideration of $6,000, paid by the bank to Krum at or before the the delivery of the assignment to the bank.

Is that expression evidence against the plaintiff of the payment of $6,000 by the bank to Krum at or after the delivery of the mortgage to the bank, and as the consideration therefor? It was certainly no part of the plaintiff's case and would only tend to defeat it, to prove that there was a valid consideration paid for the transfer at the time it was made. Moreover, the plaintiff was compelled to put in evidence the title of the defendant to the mortgage in order to have the court adjudge that title to be invalid and to set the same aside; and the assignment which was sought to be set aside contained the statement as to the consideration. The recital was of a consideration in a transaction between other parties than plaintiff and which she was seeking to set aside. For these reasons plaintiff should not be held bound by the recital of a consideration in the assignment, and so it has been expressly held in a case very similar to the one under consideration. (*Moore* v. *Metropolitan Nat'l Bank*, 55 N. Y., 41–50.)

It follows from this that there was no proof upon the part of the plaintiff that the bank paid or parted with a valuable consideration at the time of the transfer, and the defendant is brought under the rule that in order to defeat the plaintiff from recovering her own, that it must prove that the transfer was made in good faith, upon payment of money or parting with value, and without notice of the plaintiff's claims at the time of the transfer. (55 N. Y., *supra ; Davis* v. *Bechstein*, 69 id., 440–442; *Stevens* v. *Brennan*, 79 id., 254.)

The defendant failed to give proof upon its part showing that it purchased the mortgage in good faith, or that it paid anything for it, or was ignorant of the equities between the plaintiff and Krum at the time of its transfer. The bank therefore stands in the same position in respect to the mortgage as Krum the assignor stood.

These conclusions, it seems to me, dispose of the case and render it quite unnecessary to discuss the recording acts or any other features of the case.

The judgment should be affirmed, with costs.

LANDON and PARKER, JJ., concurred.

Judgment affirmed, with costs.