(32 Misc. Rep. 386.)

### TRIEST et al. v. NOVAL et al.

(Supreme Court, Special Term, New York County. August, 1900.)

EQUITABLE LIEN—COMMISSION MERCHANT—ADVANCES.

 Plaintiffs, commission merchants, having advanced N. a certain amount on his agreement to consign to them certain merchandise, acquire an equitable lien thereon, though N. ships part of such merchandise, through D., to another commission merchant, D.'s agent; D. having notice putting him on inquiry as to the arrangement.

Action by Hans Triest and another, doing business as H. Marquardt & Co., against José Fernandez Noval and others. Judgment for plaintiffs.

Olcott, Mestre & Gonzalez (James L. Bishop, of counsel), for plaintiffs.

Horwitz & Samuels (S. Livingston Samuels, of counsel), for defendants Tibbals and Docurro.

RUSSELL, J. The plaintiffs, commission merchants in New York City, claim a lien upon a consignment of 160 logs of cedar wood shipped by the defendant Noval from Mexico, through the defendant Docurro, at Vera Cruz, to the defendant Tibbals, a commission merchant also doing business in New York City. Noval had for years transacted business through the plaintiffs by consignments to New York of wood, cochineal, and other articles, the plaintiffs extending to him a line of credit, so that, at the time of the commencement of the material circumstances herein involved, Noval had overdrawn his consignments to the extent of $13,000. His

line of credit was thereupon stopped, but, at his earnest request, through telegrams and letters beginning January 15, 1899, specific credits, by acceptance of drafts to the amount of $3,000, were given him by the plaintiffs in February, 1899. This specific extension of credit was allowed upon Noval's promise, by letters and telegrams in various forms of language, to ship merchandise to meet the drafts, with a view also of enabling him to reduce his previous indebtedness through the facilities afforded him by the plaintiffs to continue his business. The merchandise to be shipped was to include in the first shipment 200 tons of cedar, and in the March shipment 300 tons. Construing the letters and telegrams from Noval to the plaintiffs in the light of previous business arrangements of advances and consignments to repay, and of the 2,000 miles of distance between Vera Cruz and New York, with the confusion of letters and telegrams crossing each other on the way, and the undoubted reliance of plaintiffs upon the receipt of the wood to meet the new advances, which was purposely created by the acts and correspondence of Noval, as between the two parties no possible doubt can be raised that a specific dedication was made by Noval to the plaintiffs of the cedar wood to be shipped, and which, as the result shows, was to a considerable extent forwarded to New York by Noval in payment of these particular advances in February, 1899, from the plaintiffs to Noval. Of the first 200 tons of cedar wood, only 150 were shipped to the plaintiffs, and this came by the steamer Beechley; and the balance, and that portion of the 300 tons which were to be shipped, and which was forwarded, consisting of 160 tons, Noval did not send by the steamer Falk to the plaintiffs, as agreed, but did, through the defendant Docurro, consign this 160 tons to the defendant Tibbals, Docurro's agent at the port of New York. It is this 160 tons which is the subject of this controversy.

It is needless to refine upon the distinctions made between the applications of liens, legal or equitable, upon floating balances of money in the bank, or on deposit subject to check or draft, and those sought to be imposed upon specific articles of personal property. Courts of equity, which strive to reach just results, enforce such agreements where the obvious purpose is apparent and the occasion requires, whether that enforcement rests upon the basis of a legal lien, or such an equitable dedication as allows courts to award the proper remedy only through the medium of a specific performance of the agreement. Hale v. Bank, 49 N. Y. 626; Husted v. Ingraham, 75 N. Y. 251; Smith v. Smith, 125 N. Y. 224, 26 N. E. 259; Sgobel v. Cappadonia, 8 App. Div. 303, 40 N. Y. Supp 946. I do not understand the counsel for the banker Docurro and Tibbals, his agent, to urge, in his thoroughly prepared brief, that his clients have any superior rights as bona fide purchasers to those of the defendant Noval. Docurro had distinct notice, sufficient to put him upon his inquiry, of the arrangements between the plaintiffs and Noval; and, if he had, without notice, advanced moneys, the obligation rested upon him to show that the plaintiffs had lost their rights against Noval for this cedar wood because of supe-

rior equities on his part. Weaver v. Barden, 49 N. Y. 286; Fairbanks v. Sargent, 104 N. Y. 108, 9 N. E. 870. Judgment is directed for the plaintiffs, awarding to them the proceeds of the 160 tons of cedar wood, with costs against the defendants.

Judgment for plaintiffs, with costs.