HENRY C. WISNER, Appellant, *v.* EDMUND OCUMPAUGH, Respondent.

Where a clause in a lease provides that the lessor shall have a lien upon all property, at the time, or which may thereafter be brought upon the demised premises, as security for the payment of rent, to be enforced in case of default in the same manner as a chattel mortgage, the clause is binding between the parties; it creates an equitable lien on the property of the lessee, then upon the premises, and also upon property thereafter brought thereon, which attaches as soon as the property is acquired by the lessee and brought upon the premises.

A lease containing such a clause was executed by defendant to a firm, in which plaintiff was a special partner; from and after the dissolution of the special partnership, plaintiff was a general partner with W., one of the former general partners, whom he subsequently bought out, and continued in the occupation of the demised premises until after the expiration of the lease. Plaintiff was ignorant of the fact that such clause was contained in the lease. In an action for the taking and alleged unlawful conversion of goods brought upon the premises by the lessees during the existence of the lease, and subsequently removed therefrom by the plaintiff, *held*, that plaintiff stood in no better position than the lessees in respect to the lease; that the relation he sustained as a party in interest precluded him from claiming exemption from its provisions, and that under the clause defendant was justified in taking the property.

Also, *held*, that the fact that defendant saw the property in a cart after it had been taken from the premises, and did not object to the removal, was not an abandonment of his lien; this attached to the property when in possession of the lessee, or any one standing in his place.

The rights of the parties to a legal action must be determined as they existed at the commencement of the action. Although an equitable defense is allowed, it does not, when interposed, change the character of the action, nor authorize transactions subsequent to its commencement to be shown to affect those rights.

(Argued September 25, 1877; decided November 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon the report of a referee.

This action was brought to recover for the alleged taking and unlawful conversion of a quantity of merchandise belonging to plaintiff.

The defendant justified the taking under a lease of a store executed by him as lessor to the firm, L. E. Haynes & Co., in March, 1873.   The lease was for the term of one year from April 1st, 1873.   It contained this clause:

"And it is hereby agreed, that the said party of the first part shall have a lien as security for the payment of the rent aforesaid upon all the goods, wares, chattels, implements, fixtures, tools and other personal property, which are or may be put on the said demised premises, and such lien may be enforced on the non-payment of any of the rent aforesaid, by the taking and sale of such property in the same manner as in cases of chattel mortgage on default thereof; said sale to be made upon six days' notice, posted upon the demised premises, and served upon the party of the second part, or left at said premises, or at their place of residence."

The referee found, in substance, that plaintiff was a special partner in said firm of L. E. Haynes & Co., lessees at the time of the making of the lease; said Haynes and one Williams being the general partners.   He had knowledge of the making of the lease, but not that it contained said clause.   The firm occupied the store until July, 1873, when it was dissolved, Haynes selling out his interest to Williams.   The business was thereafter continued under the management and control of Williams and in his name, with plaintiff's consent, his interest being in no way relinquished.   In February, 1874, Williams assigned and transferred the property and effects belonging to the business to plaintiff, who entered into the possession thereof and of the demised premises, and continued in possession until April 4, 1874, when he removed the goods. On April 7, 1874, defendant, without plaintiff's knowledge or consent, entered upon plaintiff's premises, and took and carried away a portion of the goods, and sold the same.

The referee found, as conclusions of law: That from and after July 5, 1873, plaintiff and Williams became, and were until the transfer of Williams to the plaintiff, general partners in said business.   That plaintiff, as one of such partners, became and was conclusively chargeable with knowledge of

the said agreement for lien and the enforcement thereof, and the same became and was obligatory and binding upon him. That plaintiff himself, from about the middle of February, 1874, to the expiration of the term created by said lease, held and occupied said demised premises under and by virtue of said lease, and the provisions thereof became and were binding and operative upon him. That defendant, under and by virtue of said clause in the lease, had good and lawful right to take and dispose of said property, for the purposes as in said lease provided, and that he was not liable.

Further facts appear in the opinion.

*F. A. Macomber*, for appellant. The referee erred in not holding, as matter of law, that plaintiff was a *bona fide* purchaser of the goods described in the complaint. (1 Stat. at Large, 719, § 17; *Lewis* v. *Graham*, 4 Abb. Pr., 106.) Defendant waived, and abandoned any claim to a lien provided for by the lease, by voluntarily allowing the property to be removed from his premises to plaintiff's. (Benj. on Sales, 797, 799; note *u*, 827; *Allen* v. *Spencer*, 1 Edmonds, 117; 2 Hil. on Mort., 305, 323; *Thompson* v. *Blanchard*, 4 N. Y., 303; Cross on Law of Lien, 34 L. Lib., 36, 38; 3 Kent's Com., 481, 482.) The agreement contained in the lease is void for uncertainty and for want of description of property. (*Barnard* v. *Eaton*, 2 Cush., 294; *Gardner* v. *McEwen*, 19 N. Y., 123; *Buskirk* v. *Cleveland*, 41 Barb., 610; 2 Hil. on Mort., 200.) Defendant's failure to file the lease as a chattel mortgage, rendered the agreement for a lien void as to the plaintiff, who was a purchaser in good faith. (4 Stat. at Large, 435, § 1; *Thompson* v. *Van Vechten*, 27 N. Y., 568; *Edgell* v. *Hart*, 9 id., 213; *Ford* v. *Williams*, 13 id., 577; *Hale* v. *Sweet*, 40 id., 97; *Griswold* v. *Sheldon*, 4 id., 581; *Russell* v. *Winne*, 37 id., 591; *Hathaway* v. *Brayman*, 42 id., 322; *Gardner* v. *McEwen*, 19 id., 123; *Delavan* v. *Ensign*, 21 Barb., 85; *Yates* v. *Olmstead*, 65 id., 43; *Mittnacht* v. *Kelly*, 3 Keyes, 407.) The clause in the lease did not constitute a chattel mortgage, nor did it

create a lien. (*McCaffrey* v. *Wooden*, 62 Barb., 316; *Buskirk* v. *Cleveland*, 41 id., 610; *Hale* v. *Omaha Nat. Bank*, 49 N. Y., 626; *Van Heusen* v. *Radcliff*, 17 id., 582.) Defendant was a trespasser from the beginning. (*Charter* v. *Stevens*, 3 Den., 33.)

*J. A. Stull*, for respondent. Defendant, as lessee, was justified under the lease in taking the property to sell it, to get therefrom the rent conceded to be due. (*McCaffrey* v. *Wooden*, 65 N. Y., 449; Taylor's Landlord and Tenant, § 117; *Holroyle* v. *Marshall*, 10 H. of L. Cas., 191.)

*Per Curiam*. After an examination of this case, it is deemed sufficient to state our conclusions.

1. The lien clause created an equitable lien upon all property which was at the time in the premises leased, and also upon property thereafter brought in, which would attach as soon as the property was acquired by the lessees, and brought into the premises, and the clause was binding between the parties. (65 N. Y., 459.) In *Hale* v. *Omaha Nat. Bank* (49 N. Y., 626), there was an agreement for a future lien; this created a present lien. 2. The plaintiff occupied no better position than the lessees in respect to said lease, and the rights of the lessor under the same. During the period that he was a special partner, the property of the firm was absolutely bound, and he could not, during that period, acquire any rights adverse to the rights of the lessor in the lease, whether he had personal knowledge of the particular clause under consideration in the lease or not.

The referee has found that, from the dissolution of the special partnership, to the time of the purchase of the goods by the plaintiff, he was a general partner with Williams, in whose name the business was carried on. The facts found by the referee on this subject are somewhat ambiguous. He finds that the interest of the plaintiff was in no way relinquished or abandoned, and that the business was carried on in the name of Williams, with the consent of the defendant. These

facts might exist and defendant not be a partner; a mere delay in withdrawing his interest or capital would not constitute him a partner.

The evidence is not given in the record. Every presumption is in favor of the findings of a referee, and we cannot say, as matter of law, that the inference drawn by the referee was not warranted. The referee also finds that, after the purchase by the defendant, he occupied the demised premises under this lease. He knew of the lease, although not of the lien clause.

We think the relation he sustained as a party in interest, in the occupation of the demised premises under the lease, precluded him from claiming exemption from its provisions. He may have been a *bona fide* purchaser in a sense, but not as against this lease. In legal effect, he purchased subject to the lease. His want of knowledge of the lien clause will not protect him. He was bound, by its terms, as a party in interest.

3. The point that the defendant voluntarily abandoned his lien, by not objecting when he saw the property in the cart, after it had been taken from the premises, is not tenable. The lien was not dependent upon absolute possession in the defendant, but vested in contract, and attached to the property when in possession of the lessee, or any one standing in his place. The authorities cited are not applicable.

4. The rights of the parties must be determined at the commencement of the action. Although an equitable defense is allowable to a legal action, it does not, when interposed, change the character of the action, nor authorize transactions subsequent to the commencement of the action to be shown, to affect the rights of the parties to the action, as they existed when it was commenced.

Whatever rights the plaintiff may have for subsequent acts of the defendant, or for an accounting, are not affected by this judgment.

The judgment must be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.