## BLOOMINGDALE *v.* SELIGMAN *et al.*

*(Common Pleas of New York City and County, Special Term.　December 3, 1888.)*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—VALIDITY—RESIDENCE OF DEBTOR.
   Under Laws N. Y. 1888, c. 294, requiring an assignment for the benefit of creditors to state the place of residence of the debtor, the business in which he is engaged, with the place at which it is carried on, giving the street and number, if in a city, and, if not, some sufficient designation to identify the debtor, an assignment omitting to state such residence and place and kind of business is void.

2. SAME—PARTNERSHIP.
   Such provision applies as well to assignments by copartnerships as by individual debtors, as, by the general assignment act of 1877, of which said chapter is an amendment, it is provided that when words are used in the act in the singular number several persons shall be deemed included thereby, unless otherwise stated, or repugnant to other provisions therein.

3. STATUTES—VALIDITY—COMMENCEMENT OF OPERATION—SUNDAY.
   Said act of 1888 is valid, though the day designated therein for the beginning of its operation is Sunday.

On demurrer to an action to declare invalid an assignment made for the benefit of creditors.

*Solon P. Rothschild,* for plaintiff.　　*Ferdinand Kurzman,* for defendants.

BOOKSTAVER, J.　The complaint, after stating facts sufficient to sustain a creditors' action, provided the assignment is void, alleges that "the assignment was and is unlawful, fraudulent, and void, and that it fails to comply with the provisions of chapter 294 of the Laws of 1888; that the said assignment does not state therein the residence or kind of business carried on by the debtors at the time of the making of the assignment, or the place or the street or number at which said business was then conducted;" and these allegations must be taken as true for the purposes of this demurrer.

The only question, therefore, raised by the demurrer is whether such omission renders the assignment void.　Chapter 294 of the Laws of 1888, which went into effect on the 1st day of July, 1888, amended section 2 of the assignment act of 1877, by requiring every assignment to "specifically state therein the residence and kind of business carried on by such debtor at the time of making the assignment, and the place at which such business shall then be conducted, and, if such place be in a city, the street and number thereof, and, if in a village or town, such apt designation as shall reasonably identify such debtor."　The same section of the assignment act requires the assignment to be "duly acknowledged and recorded" in precisely the same language used in the amendment respecting the debtor's residence, etc.　And it has been held that the total omission of an acknowledgment rendered the assignment void as to attaching creditors.　*Hardmann* v. *Bowen*, 39 N. Y. 196.　In that case the court says: "If the legislature were to enact a statute expressly declaring that every conveyance of real estate shall be written or printed on parchment, it cannot be doubted that a deed written on common paper would not answer.　Our present statute says that every grant in fee, or of a freehold estate, shall be subscribed and sealed by the grantor.　1 Rev. St. p. 738, § 137.　There are no negative words, and no declarative words that the deed shall be inoperative if not sealed; and yet it has never been doubted that the seal is essential to give it validity."　The fundamental mistake with the appellant's argument is in treating this as merely an affirmative declaratory statute.　It is no such thing.　It introduces a new law in regard to assignments.　It requires every assignment, whether of real or personal property, to be acknowledged before an officer authorized to take acknowledgments before delivery, and the certificate of acknowledgment to be indorsed upon the assignment.　The language is peremptory.　Every assignment, etc., shall be acknowledged before delivery.　This, as I have already said, introduces a new rule of law in regard to assignments.　It is a maxim of the law that if an af-

firmative statute, which is introductive of a new law, direct a thing to be done in a certain manner, that thing shall not, even though there are no negative words, be done in any other manner. It is very clear, to my mind, that a negation of the right to make an assignment in any other manner is implied in the very language of the statute, for when the statute declares in terms that every assignment shall be acknowledged before delivery, it, by necessary implication, provides that no assignment shall be delivered without acknowledgment. It clearly denies and withholds the right, which before existed, to dispense with the acknowledgment." The same doctrine was announced in *Britton* v. *Lorenz*, 45 N. Y. 51, and *Fairchild* v. *Gwynne*, 16 Abb. Pr. 23. So, too, it has been held that the oral assent of the assignee to act is not sufficient, but that the assignment must have thereon the assent of the assignee, duly subscribed and acknowledged by him, to render it effectual. *Rennie* v. *Bean*, 24 Hun, 123. In *Warner* v. *Jaffray*, 96 N. Y. 253, it was again held that the assignment must be acknowledged, and the assignee must assent thereto in writing, although that case held that what else the statute requires may be done afterwards, and that such requirements are directory; but this was decided before the amendment now under consideration was passed; and as the legislature has seen fit to require the residence of the debtor, etc., to be inserted in precisely the same language employed in relation to the acknowledgment of the debtor and the assent of the assignee, I do not see why it is not equally obligatory. This provision differs from that relating to preferences for wages, where it has been held such preference need not be in the instrument itself, but that every assignment had written in it by operation of the statute such preference, and the assignee was bound to obey it in distributing the money realized from the estate, whether such provision was contained in the instrument or not.

I think the claim that the amendment is in the singular number, and does not apply to partnerships, is untenable. Section 27 of the general assignment act provides: "When any singular matter, party, or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included, unless otherwise specially provided, or unless there be something in the subject or context repugnant to such construction;" and I can see nothing in the amendment making its application repugnant to copartnerships.. It is quite as easy to state the residence of each member as of a single debtor, and so of the place of business. Nor is the fact that the entire amendment is in the singular number of any importance, for it is well settled that a law must be read as a whole, and as if every part had been adopted at the same time, and as one law; and effect must be given to every part of it,—each clause explained and qualified by every other part.

Nor do I consider the fact that the legislature directed that the act was to go into effect July 1, 1888, which happened to be a Sunday, rendered it inoperative. It required nothing to be done on that day. It was simply to be operative on and after that day. Besides, the legislature has full police power to regulate what shall be done on that day, and what shall be prohibited. The demurrer must, therefore, be overruled, with costs.

It has been claimed that, in an action in the supreme court, a different result has been arrived at; but I do not know what the allegations in the complaint were in that case, nor have I been able to ascertain that any reasons were given for the decision in that case. It may be that it appeared in that case, as was asserted in the defendant's brief in this, that the assignment did, in fact, contain the place of business and the kind of business carried on by the debtors at the time of making the assignment,—which, I confess, would raise a different question from the one before me, where, by demurring, the defendants admit there was an entire failure to comply with the statute.

If the assignment does contain a partial compliance with the statute, the defendants should have leave to answer within 10 days, on payment of the costs of this demurrer.