STRICKLAND *et al. v.* LARAWAY *et al.*

(*Supreme Court, General Term, Fourth Department.* February 11, 1890.)

**1. JUSTICE OF THE PEACE—JUDGMENT BY DEFAULT.**
  Where the summons in a justice's court is served as required by Code Civil Proc. N. Y. § 2878, the fact that the complaint was not sufficiently served to authorize the justice to enter judgment by default without further proof, does not prevent the justice from taking proof and entering judgment accordingly; and whether he proceeded properly, or entered judgment without proper proof, can only be considered in a direct proceeding to review the judgment.

**2. ASSIGNMENT FOR BENEFIT OF CREDITORS—PRIOR FRAUDULENT CONVEYANCE—SUIT BY JUDGMENT CREDITORS.**
  Where a debtor has made a valid assignment for the benefit of creditors, subsequent judgment creditors cannot for their own benefit, and in their own name, sue to set aside as fraudulent a prior conveyance by him; and if, when such suit is commenced, plaintiffs have no right to bring it, nothing that happens afterwards can give them standing.

**3. SAME—PLEADING.**
  It is not necessary that the answer in such a suit shall allege the non-joinder of the assignees, where it alleges the execution, recording, and existence of the assignment, and that plaintiffs are not the proper parties to bring the suit.

**4. SAME—SUFFICIENCY OF ASSIGNMENT.**
  Laws N. Y. 1888, c. 294, requiring an assignment for the benefit of creditors to state the place of residence of the debtor, the business in which he is engaged, where it is carried on, giving the street and number, if in a city, and, if not, some sufficient designation to identify the debtor, is only directory, and an assignment which merely describes the debtor as "of the town of Croghan, Lewis county, N. Y.," is not void on its face. Following *Taggart v. Sisson, ante,* 758.

Appeal from special term, Lewis county.

Action by John E. Strickland and others against Ruth H. Laraway and Emily Laraway, in the nature of a creditors' bill, based on a judgment recovered by plaintiffs against the defendant Emily Laraway on August 24, 1888. In the complaint, after an allegation of the recovery of the judgment and the issuing and return unsatisfied of an execution, it is alleged that on May 10, 1888, the defendant Emily Laraway, with intent to defraud creditors, among whom were the plaintiffs, executed and delivered to the defendant Ruth a deed of a certain house and lot in Croghan; that the deed was without consideration, and Emily was then insolvent. Relief was asked that the deed be set aside, the premises sold, and the proceeds applied on plaintiffs' judgment. The defendants, in their answers, allege, among other things, that on August 13, 1888, the defendant Emily, in due form, executed a general assignment for the benefit of creditors to Thomas P. Francis and John T. Laraway; that the assignment was recorded on the same day, and the assignees accepted the trust, and took possession; that no request to the assignees to bring the action has been made, and that the plaintiffs are not the proper parties to bring it. It was found by the court in its decision that the deed from Emily to Ruth was made and received with intent to hinder, delay, and defraud creditors. It was also found as matter of fact that a general assignment was executed and delivered by Emily Laraway to John Laraway and John P. Francis on August 13, 1888; that it did not specifically state therein the residence or the kind of business carried on by the debtor at the time, nor the place at which such business was then conducted; and that no designation was therein made so as to identify the debtor. Laws N. Y. 1888, c. 294, requires an assignment for the benefit of creditors to state the place of residence of the debtor, the business in which he is engaged, the place at which it is carried on, giving the street and number, if in a city, and, if not, some sufficient designation to identify the debtor. It was also found that the

assignment "was made and received as a part of the same general scheme for the purpose of hindering, delaying, and defrauding the creditors of the said Emily Laraway;" that in March, 1889, and before the trial of this action, the assignees took proceedings in the county court to account, and a decree was therein duly made, by which the assignees were discharged, and the estate settled. As matter of law, the court found that the deed from Emily to Ruth was void as against plaintiffs and their judgment; that, "the said estate having been settled, and the assignees duly discharged, and there having been shown to be no other creditors, the making of the said assignment is not a bar to the maintaining of this action," and judgment was ordered declaring the deed void as to the judgment, and a lien paramount to the title of Ruth. Upon request of defendants the court further found, as matter of fact, that this action was commenced about December 3, 1888, without any request by the plaintiffs to the assignees to bring the same, and without their refusal to bring it; and, as matter of law, that the assignment transferred all the property and rights of action of the assignor to the assignees in trust for the benefit of creditors; that the assignment was valid between the parties, and valid as to all other parties, including the plaintiffs, in collateral proceedings, and until set aside; that, the trust having been executed, and the assigned estate distributed to the creditors entitled to the same, the assignment, and the proceedings thereunder, cannot be questioned by the plaintiffs in this action. There was a judgment for plaintiffs. Defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Hanibal Smith* and *F. F. Jacox,* for appellants. *Kilby & Kellogg,* for respondents.

MERWIN, J. It is claimed by the defendants that the judgment upon which this action is based is void, on the ground that the justice before whom the judgment was recovered acquired no jurisdiction to render it. The summons and verified complaint were personally served on the defendant by delivering to her copies thereof. The return of the constable did not show that the copies were left with her. The defendant did not appear, and thereupon the justice entered judgment for the amount demanded in the complaint. No proof was made before the justice of the cause of action. By chapter 414 of the Laws of 1881 it is provided that, in certain actions in justices' courts, the plaintiff may prepare in writing and verify his complaint, attach it to the summons, and have them "served upon the defendant by delivering to and leaving with him personally true copies thereof," in which case, upon default of the defendant, he shall be deemed to have admitted the allegations of the complaint, and judgment may be entered for the amount demanded without further proof. Assuming that the complaint was not sufficiently served to authorize the justice to enter judgment without further proof, that did not prevent the justice from taking proof and entering judgment accordingly. The summons was in the ordinary form, and it was served as required by section 2878 of the Code. By such service the justice acquired jurisdiction of the person, and he had jurisdiction of the subject-matter. He had then power to proceed in the action to judgment. Whether he proceeded properly, or entered judgment without proper proof, was a matter for consideration in a direct proceeding to review the judgment. In *Blair* v. *Bartlett,* 75 N. Y. 150, it was held, with reference to a judgment by default in justice's court, that whatever was requisite to be proved and established as facts by plaintiff in order to obtain judgment is, so long as the judgment remains unreversed, *res adjudicata* between the parties, and conclusive upon them. Within this principle, the point raised by counsel is not available here.

It is further claimed by the defendants that, by reason of the general assignment before the recovery by plaintiffs of their judgment, the plaintiffs could not maintain this action. The general proposition, as to the right of an as-

signee to maintain actions of this kind, is not disputed by the plaintiffs; but they say the rule is not applicable to this case for several reasons: *First,* the answers do not set up non-joinder of the assignees as defendants; *second,* the assignees have been discharged, and the estate closed up; *third,* the assignment is void on its face; *fourth,* the assignment is void as made to defraud creditors, and the assignees were in collusion with these defendants.

1. The answers, in substance, alleged the execution, recording, and existence of the assignment, and that the plaintiffs were not the proper parties to bring the suit. There was no occasion to allege the non-joinder of the assignees. The action was not in aid of the assignment. Assuming the assignment valid as alleged, the plaintiffs, under their complaint, had no standing in court. The case is different from *Bank* v. *Leggett,* 51 N. Y. 552; for there the objection that under the statute the assignee was vested with the cause of action was not taken upon the pleadings or on the trial. In that case it is said that, if the assignees were in complicity with the fraudulent parties, or refused on request to be plaintiffs, then the creditor might, as plaintiff, assert the right; citing *Bate* v. *Graham,* 11 N. Y. 237. Such assertion, however, is for the benefit of the estate represented by the assignee. It was so held in the *Bate Case,* and is now the established rule. *Crouse* v. *Frothingham,* 97 N. Y. 113, 114, and cases cited. The plaintiffs in the present case sought and obtained a judgment for their own benefit solely.

2. After the commencement of this action, the assignees had an accounting in the county court, and an order was made discharging them. For this reason, and upon the additional suggestion that there had been shown to be no other creditors, it was held at special term that the making of the assignment was not a bar to this action. The same evidence that showed the discharge showed the existence of a large amount of unpaid debts. There was no evidence to the contrary. There was no finding either way, as matter of fact. If this fact was important to give the plaintiffs a standing, it was for them to show.

Aside from this, the query is, how can what occurred after the commencement of this action give the plaintiffs a standing, if they had no cause of action when the suit was commenced? If, as held in *Spring* v. *Short,* 90 N. Y. 538, and the kindred subsequent cases, the assignee, or some one through him, is the only one, as between him and subsequent judgment creditors, who can maintain an action to set aside a prior conveyance as fraudulent against creditors, then plaintiffs, when they commenced this suit, had no cause of action in their own right, such as they set out in their complaint. The rights of the parties must be determined at the commencement of the action. *Wisner* v. *Ocumpaugh,* 71 N. Y. 117. Relief may be given sometimes in view of the situation at the trial, but the substantial cause of action must exist when the suit is commenced. *Hare* v. *Van Deusen,* 32 Barb. 92. Whether the discharge would operate to clothe the plaintiffs with a right, it is not necessary to here determine. Under the statute, (chapter 466 of 1877, § 20, subd. 5,) as amended by chapter 318 of 1878, the discharge only operated to discharge the assignees "from all further liability upon matters included in the accounting." If other assets were afterwards discovered, it may be argued with some force that the assignee is still the only one to receive and administer, and that the discharge does not prevent this. In *Clarkson* v. *Dunning,* 4 N. Y. Supp. 430, the discharge was in bankruptcy, under a statute that authorized an absolute discharge. Rev. St. U. S. § 5096. The action was brought long after the discharge.

3. But it is said that the assignment was void on its face by reason of its failure to state the kind of business carried on by the assignor, and the place at which it was then conducted. The statement in the assignment is, "Emily Laraway, of the town of Croghan, Lewis county, N. Y." In *Taggart* v. *Sisson, ante* 758, (decided by this court at this term,) it is held that an assign-

ment having a similar defect is not void on its face; that the statute in that regard is directory.

4. Whether the assignment was voidable for fraud cannot be tried in this action in its present form. The complaint is not on that basis. The assignees are necessary parties to that issue. *Russell* v. *Lasher*, 4 Barb. 237. Assuming the assignment is valid on its face, the plaintiffs are not in a position to assail the deed in question, without also effectually assailing the assignment. *Loos* v. *Wilkinson*, 110 N. Y. 209, 18 N. E. Rep. 99. That is essential to their showing a cause of action.

If, after the assignment, there was collusion between the assignees and these defendants, the creditors interested in the assignment had a remedy. *In re Cornell*, 110 N. Y. 351, 18 N. E. Rep. 142. It would not operate to give the plaintiffs a cause of action in hostility to the assignment. It follows that, as the case stood, the plaintiffs were not entitled to recover. Judgment reversed on the exceptions, and new trial ordered, costs to abide the event. All concur.