BYRON B. TAGGART, WILLIAM W. TAGGART AND MIRANDA BOTHWELL, APPELLANTS, v. WILLIAM W. HERRICK, HENRY W. AYERS AND HUMPHREY SISSON, RESPONDENTS.

*Assignment for creditors — the requirement that it designate the residence and business of the debtor is only directory.*

The provisions of chapter 294 of the Laws of 1888, directing that an assignment for the benefit of creditors of a debtor should state the residence, kind of business carried on by such debtor at the time, the place where conducted, and if in a city, the street and number, are directory merely; and a failure on the part of the assignor to fully comply therewith does not render the assignment void.

APPEAL by the plaintiffs from a judgment, entered in the office of the clerk of the county of Jefferson on the 2d day of October, 1889.

The action was brought to obtain an adjudication that an assignment for the benefit of creditors, made by the firm of Herrick & Ayers, was void, and that the same be set aside and vacated, and

that the plaintiffs be adjudged to be paid out of the moneys and funds that came into the hands of the assignee named therein under the alleged assignment, the amount of a judgment recovered by them against the assignors. The opinion of Mr. Justice WILLIAMS at Special Term, which was concurred in by the General Term, is printed as a note hereto.*

---

* Jefferson Special Term, tried April 19, 1889; decided September 9, 1889.

| MULLIN *v.* SISSON. |
| --- |
| TAGGART *v.* SISSON. |

WILLIAMS, J. These are actions in the nature of "judgment-creditor's action" brought to set aside a general assignment made by defendants Herrick & Ayers to defendant Sisson.

The facts are not in dispute. There are two questions of law involved :

1. Whether, upon the conceded facts, the assignment is invalid, and should be set aside.

2. Whether an action to set aside the assignment for the invalidity alleged can be maintained by Mullin as receiver.

The plaintiffs in both actions are interested to have the assignment set aside. The plaintiffs in the second action, who are also defendants in the first action, are interested in defeating plaintiff in the first action, so as to gain a priority in lien upon the fund for the payment of their judgment.

It is claimed the assignment is invalid by reason of the omission to state therein, as required by section 2, chapter 294, Laws of 1888:

1. The kind of business carried on by the assignor at the time of making the assignment.

2. The place at which such business shall then be conducted, and if in a city, the street and number thereof.

The statute provides that these things shall be specifically stated in the assignment, and they were not in this assignment. The object of the statute was evidently to provide for an easy and certain identification of the parties making the assignment, and their particular business and location. In this case no injury was or could be done to any creditor by the omission of these statements from the assignment, because the city of Watertown was small, the assignors were well known, and their business and location had been the same for many years, and were well known to the public. The question is, however, the same, very likely, as it would be if the assignors had been doing business but a few months, and in the city of New York; and the question is, whether an assignment, in order to be valid at all, must contain these statements.

The question is new, is not well settled, and it may be difficult to say just what the courts will, on appeal, finally decide. I can only express my opinion and await the judgment of more learned courts who may hereafter consider the question.

In *Bloomingdale* v. *Seligman* (19 N. Y. St. Rep., 64), a case decided at Special Term, New York Common Pleas, in December, 1888, BOOKSTAVER, J., held the

*Hannibal Smith*, for the appellants.

*Watson M. Rogers*, for the respondents.

MARTIN, J.:

The general assignment act of 1877 was amended by chapter 294, Laws 1888, so as to provide that in an assignment for the benefit of

---

omission to state in the assignment the residence or kind of business carried on by the debtors at the time of making the assignment, or the place, or street or number at which the business was then conducted, rendered an assignment made in New York city invalid. The court in that case cited and relied upon *Hardmann* v. *Bowen* (39 N. Y., 196); *Britton* v. *Lorenz* (45 id., 51); *Fairchild* v. *Gwynne* (16 Abb. Pr., 23); *Rennie* v. *Bean* (24 Hun, 123); *Warner* v. *Jaffray* (96 N. Y., 253).

The cases in 39 New York and 45 New York and 16 Abbott's Practice were cases holding an assignment invalid, unless acknowledged by the assignor after the passage of the act of 1860, providing such acknowledgment should be made and certificate thereof indorsed upon the assignment before delivery. In such a case there could be no delivery until these provisions were complied with, and the assignment could not take effect until delivered. The courts held these provisions mandatory, and not directory merely.

The case in 24 Hun held that under the statute of 1877, providing the assent of the assignee, subscribed and acknowledged by him, should appear in writing embraced in or at the end of, or indorsed upon, the assignment before the same should be recorded, an assignment merely subscribed and acknowledged by assignee, but containing no express words of assent, was invalid.

The contrary, however, was held in *Scott* v. *Mills* (45 Hun, 263), where it was said the form of the assignment and its subscription and acknowledgment by the assignee amounted to an assent. Both cases, however, seem to hold that the assent is essential to the validity of the assignment. Whether this is strictly true may be doubted, because the statute does not require the assent before delivery, but only before recording, and it is held in 96 New York, above, and again in *Nicoll* v. *Spowers* (105 N. Y., 1), that an assignment takes effect upon delivery, and not upon being recorded, and that all things required to be done after execution and delivery are directory merely, and a failure to comply with those provisions of the statute does not invalidate the assignment.

The case in 96 New York recognizes the rule that the assignment must be acknowledged before delivery, in order to its validity, then holds as above stated, as to requirements to be subsequently performed, and that it takes effect from its delivery.

It will be seen, therefore, that all these cases, as to acknowledgment by the assignor, merely held that the execution of the assignment is not complete until this requirement is complied with; they do not hold that the assignment is rendered invalid by reason of any omission in the body of the assignment itself.

It is, however, provided in this statute, that these things here omitted shall be put into the body of the assignment before the same is delivered, nor is it provided the assignment shall be invalid unless these things are embodied in the assignment; and the claim made by the assignee is that they are non-essential, and

the creditors of a debtor the residence, kind of business carried on by such debtor at the time, the place where conducted, and, if in a city, the street and number, should be specifically stated. Whether this provision is mandatory and a full compliance with it, a condition precedent to a valid assignment, or whether it is only directory, is the only question presented by this appeal.

The intention of the legislature is the cardinal consideration in the construction of statutes; and whether a particular provision is manda-tory or directory is to be determined from the language used and the

---

the statute as to these things is merely directory, is not mandatory. Judge BOOK-STAVER refers incidentally to a decision that had been made in the Supreme Court in which a different result had been arrived at, and the case thus referred to is evidently that of *Vietor* v. *Seligman*, the papers in which were submitted to me on the argument of the case.

These cases apparently relate to the same assignment made by Seligman, May & Co. to Richard S. Newcombe; both decisions were made in December, 1888, and the one in Supreme Court by Judge ANDREWS, and an examination of the brief in the Supreme Court case shows that the same questions were raised as in the case in the Common Pleas. Both were demurrers to the complaints in an action to set aside the assignment, because of the omission from the assignment of the matters required by the amendment of 1888.

In the Common Pleas case the demurrer was overruled, the assignment being held invalid. In the Supreme Court case the demurrer was sustained, which involved holding the assignment valid.

No opinion was written by Judge ANDREWS, but the brief for the assignee, among other things, argues these requirements of the statute are not mandatory, but directory merely, basing the argument largely upon the language of the court in the case cited by Judge BOOKSTAVER, in 39 New York, above, viz.:

" The argument of appellant's counsel is, that this statute is merely directory, and leaves the former common law in full force, and this argument is sought to be maintained upon some quite elementary principles in the construction of stat-utes. We are referred to Dwarris, Sedgwick and Smith on the construction of statutes for the doctrine that an affirmative statute does not take away the com-mon law. This rule cannot be denied or questioned at this day, for it has been too well and too long established. The language of Lord COKE, that a statute made in the affirmative, without any negative, expressed or implied, does not take away the common law, is now elementary (citing a large number of cases). * * * The fundamental mistake with the appellant's argument is in treating this as merely an affirmative declaratory statute. It is no such thing. It introduces a new law in regard to assignments. It requires every assignment, whether of real or per-sonal property, to be acknowledged before an officer, authorized to take acknowl-edgements, before delivery. * * * The language is peremptory. Every assignment. etc., shall be acknowledged before delivery; * * * no assign-ment can be delivered without being acknowledged * * * that a negative of

purpose in view. (*Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y., 590.) In view of the language of this amendment and its purpose, can it be held that the statute is mandatory? The apparent purpose of the statute was to provide a means whereby the debtor might be easily indentified. It has been said that the real object of this amendment was to enable certain commercial agencies to follow insolvent debtors and identify them by their place of residence and business as well as by their names. But be that as it may, still the purpose of the amendment was the indentification of the assignor.

---

the right to make an assignment in any other manner is implied in the very language of the statute, for when the statute declares, in terms, that every assignment shall be acknowledged before delivery, it, by necessary implication, provides that no assignment shall be delivered without acknowledgment. It clearly denies and withholds the right which before existed to dispense with the acknowledgment."

So that, in the case being considered, the Court of Appeals held there was a negative implied in the statute, and the case was taken out of the general rule that a purely affirmative statute was directory merely. Judge BOOKSTAVER thought this doctrine applicable to these provisions of the statute of 1888, as well as to the provision for the acknowledgment of assignments. Judge ANDREWS evidently did not think so. The provisions of the statute of 1888 are, it seems to me, merely affirmative. There seems to me to be no negative implied, as there certainly is none expressed. In order that these requirements should be regarded as mandatory, we must be able to say the meaning of the statute is that no assignment shall be made, or shall be valid, or shall be delivered unless these provisions are contained in it. The statute does not say so in express words, as it might well have done, if such was the intention of the legislature, and considering the real object and design of these provisions to provide for an easy and certain identification of the parties making the assignment.

I can perceive no reason why we should say the legislature intended, in this language used, to imply a negative, that no assignment should be made or be valid, or be delivered, unless these requirements should first be complied with; the present act does not provide, as did the act of 1860, that the acknowledgment must be made before delivery, but it was held in 96 New York, above, that the acknowledgment was a part of the execution of the assignment, and the provision relating thereto was mandatory, while all that was required after the execution and delivery was directory merely; the provisions here in question do not relate to the execution, but to the contents of the assignment, and it seems to me are not, therefore, mandatory as the requirement as to acknowledgment is. These suggestions lead to the conclusion that the assignment attacked in these cases is not void for the reason assigned, but is a valid assignment and should be upheld. The complaints in both actions will, therefore, be dismissed; but, inasmuch as the question involved is new, and not free from doubt, no costs will be allowed to defendants against plaintiffs or either of them.

That being the purpose of the statute, was a literal compliance with its requirements a condition precedent to a valid assignment? If so, then a slight error or insufficiency of description of the debtor's business, the place where conducted, or where he resided, would render an otherwise valid assignment void. This is an affirmative statute. It contains no express words of negation, and we think none are to be implied.

We do not think the language and purpose of this amendment indicate a legislative intent to make its provisions mandatory, but are of the opinion that the statute should be regarded as merely directory, and that the failure of the assignor to fully comply with its provisions did not render the assignment void. We deem a further examination of this question wholly unnecessary, as we concur in the opinion of Mr. Justice WILLIAMS in the case where the question and the authorities bearing upon it were fully considered.

Judgment affirmed, with costs, on opinion of WILLIAMS, J., delivered at Special Term.

HARDIN, P. J., and MERWIN, J., concurred.

So ordered.