### MULLIN *v.* SISSON *et al.*

*(Supreme Court, General Term, Fourth Department.* April, 1890.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—DIRECTORY PROVISIONS OF STATUTE.

    Laws N. Y. 1888, c. 294, amending the general assignment act, (Laws 1877, c. 466,) so as to provide that, in an assignment for benefit of creditors, the residence, kind of business carried on by the debtor at the time, the place where conducted, and, if in a city, the street and number, should be specifically stated, is merely directory; and the failure of the assignor to fully comply therewith will not render the assignment void. Following *Taggart* v. *Sisson,* 9 N. Y. Supp. 758.

Appeal from special term, Jefferson county.

Action by Joseph Mullin, as receiver of William W. Herrick and Henry H. Ayers, against Humphrey Sisson and others. Plaintiff appeals from a judgment dismissing his complaint. Laws 1877, c. 466, as amended by Laws N. Y. 1888, c. 294, provides that, in an assignment for the benefit of creditors, the residence, kind of business carried on by the debtor at the time, the place where conducted, and, if in a city, the street and number, should be specifically stated.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Lansing & Lansing,* for appellant.     *W. M. Rogers* and *John C. McCartin,* for respondents.

MERWIN, J. This action is brought to set aside, as fraudulent and void as to creditors, a general assignment made by the defendants Herrick & Ayers to the defendant Sisson. The claim of the plaintiff is that the assignment is void by reason of its failure to specify the kind of business carried on by the debtors, and their place of business, as required by section 2 of chapter 466 of the Laws of 1877, as amended by chapter 294 of 1888. The same question, as to the same assignment, was passed upon by this court, in *Tag-*

*gart* v. *Sisson,* 9 N. Y. Supp. 758, adversely to the plaintiff's position. Following that case, the judgment here must be affirmed.

It is also claimed by the defendant that the plaintiff, as receiver appointed in proceedings supplementary to execution, cannot maintain this action. This point was not passed upon by the trial court, and it is not necessary to decide it here. Judgment affirmed, with costs. All concur.