BOAK *v.* BLAIR *et al.*

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

ASSIGNMENT FOR BENEFIT OF CREDITORS—DIRECTORY PROVISIONS OF STATUTE.

Laws N. Y. 1888, c. 294, amending the general assignment act (Laws 1877, c. 466) so as to provide that in an assignment for benefit of creditors the residence, kind of business carried on by the debtor at the time, the place where conducted, and, if in a city, the street and number, should be specifically stated, is merely directory, and the failure of the assignor to fully comply therewith will not render the assignment void. Following *Taggart* v. *Sisson*, 9 N. Y. Supp. 758.

Appeal from circuit court, Orange county.

Action by Abram V. Boak as receiver of Eugene A. Blair to set aside an assignment for benefit of creditors executed by said Eugene A. Blair to defendant Thomas Watts. There was judgment for plaintiff on the ground that the assignment did not state the kind of business, or the place where the assignor was in business at the time of the assignment. Defendants appeal. Laws N. Y. 1888, c. 294, amending Laws 1877, c. 466, declares that every conveyance or assignment made by a debtor of his estate, real or personal, or both, to an assignee for the creditors of such debtor, shall be in writing, and shall specifically state therein the residence and the kind of business carried on by such debtor at the time of making the assignment, and the place at which such business shall then be conducted, and if such place be in a city the street and number thereof, and if in a village or town such apt designation as shall reasonably identify such debtor.

Argued before DYKMAN and PRATT, JJ.

*William Vanamee* and *William F. O'Neill*, for appellants. *T. A. Read*, for respondent.

PRATT, J. Since the decision appealed from was made the general term of the fourth department in *Taggart* v. *Sisson*, 9 N. Y. Supp. 758, have considered the same question, and have concluded that the statute of 1888 does not render void an assignment failing to state the business, location, etc., of the assignor. The respect we owe to the carefully considered opinion of that branch of the court requires us to follow their decision. It follows that the judgment appealed from must be reversed, but, as the question is new, without costs, and the plaintiff receiver should be allowed to discontinue the action without costs.