## OTIS *v.* HODGSON.

(*Supreme Court, General Term, Fifth Department.* March, 1892.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—KIND AND PLACE OF DEBTOR'S BUSINESS.

The provision of Laws 1888, c. 294, that assignments for the benefit of creditors shall state the residence and kind of business of the debtor, and the place at which such business shall be conducted, is directory, merely; and where an assignment omits to state the same the assignee may nevertheless maintain an action for the conversion of the goods against a third person.

Appeal from special term, Monroe county.

Action by Charles F. Otis, assignee of Francis Colin, against Thomas C. Hodgson, sheriff. From a judgment overruling his demurrer to the complaint, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS, J.

*Turk & Barnum,* for appellant. *C. A. Shuart,* for respondent.

LEWIS, J. The complaint of the plaintiff alleged that Francis Colvin, on the 16th day of August, 1890, executed and delivered to the plaintiff, by an instrument in writing, a copy of which is hereto annexed as a part of the complaint, a general assignment of his property for the benefit of his creditors; that the plaintiff accepted the trust, and immediately thereafter entered into possession of the property for the purpose of carrying out the assignment; that the proper inventory and schedules were made out and duly filed; that the plaintiff executed the bond required by law; that it was duly approved and filed; and that on the 22d day of September, 1890, the plaintiff being then in possession of the stock of goods, the defendant, with full knowledge of the assignment and of plaintiff's possession of the property, took forcible possession of the premises where the goods and property were, and took the stock of goods from the possession of the plaintiff, and converted and disposed of the same; that the goods were of the value of $1,100; and that plaintiff, as assignee, was injured in that amount, for which sum he demanded judgment. The assignment failed to state, as required by the statute of 1888, the residence or business of the assignor. The defendant demurred to the complaint of the plaintiff on the ground that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action. The issue of law thus raised came on for trial at a special term of the supreme court. That court directed an interlocutory judgment overruling the demurrer, and the defendant appealed therefrom to this court.

Chapter 294 of the Laws of 1888 provides that every conveyance or assignment made by a debtor of his estate, real or personal, or both, to an assignee for the creditors of the debtor, shall be in writing, and shall specifically state therein the residence and the kind of business carried on by such debtor at the time of making the assignment, and the place at which such business shall be conducted, and, if such place be in a city, the street and number thereof;

if in a village or town, such apt designation as shall reasonably identify such debtor. It was held in *Taggart* v. *Sisson*, (Sup.) 9 N. Y. Supp. 758, in *Mullin* v. *Sisson*, (Sup.) 10 N. Y. Supp. 301, and in *Strickland* v. *Laraway*, (Sup.) 9 N. Y. Supp. 761,—all general term decisions,—that the failure to state the residence and the business of the assignor did not invalidate an assignment. Justice WILLIAMS, in a well-considered opinion, reported in 9 N. Y. Supp. 759, holds to the same effect. The construction given to this statute by the foregoing cited cases meets with our approval. Justice DANIELS, in a case arising in Orleans county, (not reported,) held that such omission did not invalidate an assignment. Judge BOOKSTAVER, in *Bloomingdale* v. *Seligman*, (Com. Pl. N. Y.) 3 N. Y. Supp. 243, held otherwise. The statute, we think, should be construed as directory, and not mandatory. The plaintiff was in possession of the property by the act and consent of the assignor, claiming to hold it for the benefit of creditors. His possession of the property was sufficient to entitle him to maintain the action as against every one but the real owner or those claiming lawfully under him. A bailee of chattels may maintain such an action, even though he be merely a gratuitous bailee. The finder of goods may recover their value from a wrong-doer who subsequently converts them. *Mathews* v. *Harsell*, 1 E. D. Smith, 393. We think the weight of authority goes to sustain the plaintiff's contention, and that the judgment appealed from should be affirmed, with costs, with leave to the defendant to answer on payment of costs.