(96 App. Div. 315.)

STRAUS et al. v. AMERICAN PUBLISHERS' ASS'N et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. UNLAWFUL COMBINATIONS—ANSWER—INFORMATION AND BELIEF.

An answer to a suit to set aside an alleged fraudulent combination in restraint of trade was not objectionable on the ground that defendants averred or denied facts on information and belief of which defendants had knowledge.

2. SAME—IRRESPONSIVENESS.

An answer containing averments made to date from the verification of the answer, and not from the verification of the complaint, is insufficient.

3. SAME—EVASION.

Where, in a suit to restrain the carrying out of an alleged unlawful combination in restraint of trade, the complaint alleged that one E. "is the manager of said membership corporation," an answer, verified some time after the service of the complaint, alleging that E. "is not now" the manager, was not objectionable as evasive, since it did not prevent plaintiffs from proving the averment of the complaint.

4. SAME—RESPONSIVENESS.

Where a complaint alleged that, in furtherance of an illegal combination set forth, defendant and its members immediately after organization, in

1900, adopted a resolution and agreement intended to prevent reducing prices on copyrighted books published by them, an answer in which defendants "admit that on or about February 13, 1901, the association adopted certain resolutions, which were thereafter from time to time amended," and "deny that the purport or effect of such resolutions is correctly set forth," without stating whether or not any such resolution as averred in the complaint existed, or giving the date and nature of each resolution passed, and the date and nature of the amendments, was insufficient.

5. SAME.

Where a complaint against a corporation alleged the adoption of an illegal resolution set out, an answer denying that "the purport and effect of the said resolution is correctly set forth" did not constitute a denial of the averment, and should be stricken out, and a general denial entered, or other averments substituted, to meet the allegations of the complaint.

6. SAME.

Where a complaint alleged that defendants maintained an unlawful combination, set forth, and the answer admitted that "they have maintained the plans and rules of the American Publishers' Association as the same have from time to time been amended," the answer was irresponsive to the complaint, and should be stricken out, and a general denial interposed, unless the plan and rules of the association specified, together with the dates of their adoption and their nature, were specifically alleged.

7. SAME—EVASIVENESS.

Where a complaint to set aside an alleged unlawful combination in restraint of trade alleged that plaintiffs had been requested to join such combination, an answer admitting that "plaintiffs have been invited to buy books from the defendant on like terms with others" was evasive, and should be stricken out.

8. SAME.

Where, in a suit to set aside an alleged unlawful combination, the complaint charged that defendants established a system of espionage in the store of plaintiffs, and otherwise, to secure information as to plaintiffs' business and the source from which they obtained book supplies, an answer admitting that defendant association had by lawful means endeavored to ascertain how plaintiffs obtained supplies of copyrighted books was irresponsive and insufficient.

Appeal from Special Term, New York County.

Action by Isidor Straus and others against the American Publishers' Association and others. From an order denying plaintiffs' motion to strike out and make definite portions of defendants' answer, plaintiffs appeal. Modified.

See 86 N. Y. Supp. 1090.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Edmond E. Wise, for appellants.

George L. Rives, for respondents.

O'BRIEN, J. The action herein was brought against the various defendants to declare unlawful a combination with respect to the selling of books alleged to have been entered into between them, and to restrain them from carrying out its purposes. The complaint has been before this court (85 App. Div. 446, 83 N. Y. Supp. 271) and the Court of Appeals (177 N. Y. 473, 69 N. E. 1107), demurrer thereto being overruled. The defendants have now answered, and the plaintiffs, claiming that various parts of the answer of the Amer-

ican Publishers' Association and its members, are uncertain, indefinite, and irresponsive, moved to alter it in these respects, which motion was denied, and from the order so entered they appeal.

The plaintiffs, in the notice of motion, specified 16 objections to paragraphs of the answer. With respect to most of the objections, we think that the paragraphs specified fully and properly answer the averments of the complaint. The complaint fails to point out any very serious uncertainty or evasion in most of the paragraphs referred to, and it is pertinent to say that the complaint is very general in its terms, and, in large part, avers conclusions. One line of the plaintiffs' objections is that the answer in several places avers or denies upon information and belief, and the plaintiffs insist that the defendants know of their own knowledge. This we think is not a very serious objection, and, as said by the respondents, while in some cases any one of the defendants might, perhaps, allege that he himself had or had not knowledge or motive, or the like, he certainly could only answer on information and belief as to those matters with respect to his codefendants, and, as to the averment that an illegal combination existed, the defendants would rely upon legal advice as to the nature of their association, and hence must answer on information and belief.

Wherein, however, we think that the answer is evasive and irresponsive, is in those various paragraphs where the averments are made to date from the verification of the answer, and not from the verification of the complaint. As contended by the plaintiffs, a defendant should not be permitted to evade the admission of a material allegation of the complaint by shifting the time in which he addresses himself from the period contemplated in the complaint to a subsequent and much later period. The rights of the parties are determined as of the commencement of the action, and subsequent occurrences are no defense. Gabay v. Doane, 66 App. Div. 507, 73 N. Y. Supp. 381; Wisner v. Ocumpaugh, 71 N. Y. 113.

The answer is most seriously at fault in this respect in the second and third defenses, wherein it is averred, in effect, that the plans and rules of the association only affect copyright books. The complaint averred that the combination related generally, and stated various acts of the defendants, the object of which was to carry out such purposes of the combination. The reason for the defendants' choice of words is apparent from the opinion of the Court of Appeals, supra, that as to copyright books the defendants' plan was not illegal, since a monopoly with respect to such books was given by the government. Although it is true that in view of this decision the defendants could not seemingly be restrained as to their dealings in copyright books, nor held liable for damages resulting to the plaintiffs therefrom, the rights of the parties being fixed as of the commencement of the action, the defendants should state when the plans and rules relative to copyright books were adopted, and wherein they have been amended, and whether as to other books the defendants deny the acts averred.

Other particulars in which the answer relates to a date subsequent to the verification of the complaint are not, we think, of great import-

ance—such as the averment of the answer which permits the inference that George S. Emory, whom the complaint averred "is the manager of said membership corporation," is not now the manager, without saying whether he was when the complaint was drawn. This evasion is not serious, nor does it prevent the plaintiffs from proving the averment of his complaint.

Paragraph 8 does not meet paragraph 16 of the complaint, which avers that, in furtherance of the illegal combination set forth, the Publishers' Association and its members immediately after its organization, in 1900, adopted a resolution and agreement intended to prevent reducing prices on copyright books published by them, by selling such books only at net prices; the answer being merely that the defendants "admit that on or about February 13, 1901, the association adopted certain resolutions, which were thereafter from time to time amended," and "deny that the purport or effect of such resolutions is correctly set forth." It is thus not averred what the resolution passed February 13, 1901, was, nor how it was amended, nor whether preceded, accompanied, or followed by a resolution of the character specified by the plaintiff. Paragraph 8 should thus be made to distinctly state whether or not any such resolution as averred existed, or else give the date and nature of each resolution passed, and the date and nature of the amendments thereto.

Paragraph 9, we think, is also irresponsive; the complaints having alleged in paragraph 17 that, as a part of the defendants' unlawful combination, the members of the association agreed that net copyright books and all other books, whether published by them or not, should be sold by them to those booksellers only who would maintain the retail net price of such net copyrighted books for one year, and that an office was established for the purpose of carrying out this plan, and the members agreed that they would aid in the formation of a booksellers' association to co-operate with the American Publishers' Association in said unlawful scheme, and the answer denying "that the purport or effect of the said resolution is correctly set forth." The words quoted do not constitute a denial of the averment—no resolution having been mentioned—and should be stricken out, and a general denial entered, or else other averments substituted to meet the allegations of the complaint.

Again, we think the answer irresponsive in paragraph 11; the complaint having alleged in paragraph 19 that the defendants have maintained the unlawful combination set forth, and the answer admitting that "they have maintained the plans and rules of the American Publishers' Association as the same have from time to time been amended." These words should be stricken out, and a general denial interposed, or else the plan and rules of the association specified, when adopted, and the dates and nature of the amendments.

The twelfth paragraph of the answer is evasive; the plaintiffs having pleaded in paragraph 20 that they were invited to join the unlawful combination set forth, and the answer admitting that the "plaintiffs have been invited to buy books from the defendant on like terms with others." These words should be stricken out, and a denial or other suitable defense interposed.

Finally we think that the admission of the sixteenth paragraph of the answer that "the American Publishers' Association has by lawful means endeavored to ascertain how the plaintiffs obtained supplies of copyright books" does not meet the general averment of the twenty-fifth paragraph of the complaint, that the defendants established a system of espionage in the store of the plaintiffs, and otherwise, to secure information as to the business of the plaintiffs, and the source of their book supplies. The words quoted form no answer as to books other than those copyrighted, nor do they show whether or not the averments as to espionage, etc., were true; and they should therefore be stricken out, and the paragraph made more responsive, or a general denial pleaded.

Our conclusion, therefore, is that the plaintiffs' motion should have been granted with respect to the second and third separate defenses of the answer, and with respect to paragraphs 8, 9, 11, 12, and 16 of the answer. The order appealed from is accordingly modified by granting the motion in the respects indicated, and, as so modified, affirmed, without costs. All concur.