### GLANZ v. SCHAEFER.

(Supreme Court, Appellate Term. February 11, 1907.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—DEMAND FOR RENT.

Under Code Civ. Proc. § 2231 (2), providing that summary proceedings by a landlord for possession of leased premises may be instituted after default in payment of rent and a demand of the rent has been made, an order for the landlord is unauthorized; there being evidence of no other demand for rent than one made after commencement of the proceedings.

. [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1284.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Proceedings by Augusta Glanz against Henry Schaefer. From a final order in favor of plaintiff, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

A. P. Wagener, for appellant.

Timothy Power, for respondent.

PER CURIAM. This is an appeal from a final order entered in favor of the landlord against the tenant in a summary proceeding instituted to obtain possession of demised premises for nonpayment of rent. The proceeding was begun on August 10, 1906. The only evidence that any demand for the payment of the rent alleged to be due was that the landlord's son saw the tenant on or about August 14th, four days after the precept was issued, and asked for the rent. This was insufficient to authorize the granting of the order appealed from. There is no evidence of a demand for payment of rent prior to the commencement of the proceedings. Section 2231, subd. 2, Code Civ. Proc. provides that these proceedings may be instituted after default in payment of rent has been made and a demand of the rent has been made.

"The rights of the parties to a legal action must be determined as they existed at the commencement of the action." Wisner v. Ocumpaugh, 71 N. Y. 113.

Final order reversed, with costs, and proceedings dismissed.