GENERAL DEHYDRATOR COMPANY, Appellant, *v.* F. W. BUSSING COMPANY, Respondent.

First Department, February 9, 1917.

Costs — practice — dismissal of complaint because plaintiff has recovered on same cause in foreign court — when plaintiff not liable for costs and damages on attachment bond — effect of former recovery.

A plaintiff suing a foreign corporation for damages for breach of contract and who has obtained an attachment should not be charged with a full bill of costs and with liability upon the attachment bond when the

action is subsequently dismissed because of the fact that the plaintiff has recovered in another action upon the identical cause brought in the courts of a foreign State and has been paid in full by the defendant.

The plaintiff's right to maintain his action in this State must be determined upon the facts as they existed when the action was commenced, and the foreign judgment which established the validity of the plaintiff's action went only so far as to bar a further prosecution of said action so that he should not have two satisfactions of the same debt, and the defendant is not entitled to an affirmative judgment.

When the plea of the satisfaction of the plaintiff's claim in the other action is set up by the defendant in a supplemental answer the plea is similar to that known under the old practice as *puis darrein continuance*.

APPEAL by the plaintiff, General Dehydrator Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of March, 1916, granting defendant's motion for judgment on the pleadings, consisting of a complaint, answer, supplemental answer and reply, and also from the judgment entered in said clerk's office of the 28th day of March, 1916, dismissing the complaint herein, pursuant to said order, and vacating the warrant of attachment heretofore issued.

*Arleigh Pelham,* for the appellant.

*David W. Kahn,* for the respondent.

SCOTT, J.:

This appeal presents a very unusual state of affairs for which no precedent has been found under our present system of practice under the Code of Civil Procedure.

The action is at law for the recovery of damages for breach of contract. The defendant is a foreign corporation and it is stated on the briefs of both parties, although the fact of course does not appear by the pleadings, that an attachment was issued on behalf of plaintiff. At about the same time that this action was commenced plaintiff began an action upon the identical cause of action in the State of New Jersey, as it had the undoubted right to do. (*Oneida County Bank* v. *Bonney,* 101 N. Y. 173; *Curlette* v. *Olds,* 110 App. Div. 596.) It so happened that the New Jersey action was first tried and resulted in a judgment in favor of plaintiff, which, on May 17, 1915,

was satisfied by payment in full by defendant. Said defendant then applied for and obtained leave to serve a supplemental answer in this action, setting up the judgment in the New Jersey action and its satisfaction. The supplemental answer thus served alleged "as a second, separate and distinct defense" the commencement of the action in New Jersey "growing out of the identical cause of action set forth in plaintiff's complaint herein," the proceedings and recovery of judgment therein by plaintiff, and the satisfaction of said judgment by defendant by payment in full. It was then alleged that "by reason of the premises the matter herein in litigation was finally adjudicated and settled, and the plaintiff is therefore *debarred from prosecuting this action,* and that the matters alleged in the complaint herein by reason of the judgment recovered by said plaintiff have become and now are *res adjudicata.*" The plaintiff replied admitting the facts set up in the supplemental answer. Thereupon both parties moved for judgment on the pleadings. The court granted the defendant's motion, with ten dollars costs, and thereupon judgment was entered dismissing the complaint, with full costs, and adjudging that the warrant of attachment theretofore issued be vacated and set aside. Thus the plaintiff finds itself in this unfortunate predicament, that notwithstanding it has been conclusively determined that it was entitled to recover judgment in this action, and to have a warrant of attachment therein, it finds itself mulcted in judgment for a full bill of costs, with its attachment vacated and with every prospect of a judgment against it for substantial damages upon the attachment bond. Such a result is so unjust as to amount to a travesty upon justice, and it would be a serious reflection upon our system of jurisprudence if no way could be found to prevent such an absurdity. It could and should have been prevented by a proper provision in the order permitting service of the supplemental answer, which should have been conditioned upon the defendant's stipulating for a discontinuance. No such condition was made, however, and plaintiff should not be prejudiced by the failure of the court to exercise its discretion to protect it at that time.

It is the usual rule that in an action at law for money dam-

ages the plaintiff's rights must be determined upon the facts as they existed when the action was commenced. As was said in *Straus* v. *American Publishers' Assn.* (96 App. Div. 315): "The rights of the parties are determined as of the commencement of the action and subsequent occurrences are no defense. (*Gabay* v. *Doane,* 66 App. Div. 507; *Wisner* v. *Ocumpaugh,* 71 N. Y. 113.)" In suits in equity, where the appeal is to the conscience and discretion of the court, events happening after the commencement of the action may sometimes be considered in molding the form of the judgment, but in an action at law for damages the plaintiff must succeed or fail upon the facts as they existed when the action was brought. Facts subsequently arising cannot, strictly speaking, constitute a defense to his right to recovery, although they may create a bar against further prosecution of his action. The New Jersey judgment pleaded by the supplemental answer established conclusively that this action was well brought, and that, upon the facts as they existed when it was commenced, plaintiff was entitled to recover. The judgment which has been entered is an adjudication that the action was not well brought, and that upon the facts as they existed when it was commenced plaintiff was not entitled to recover. This is clearly wrong. The fact that plaintiff recovered judgment in New Jersey establishes its right to recover in this action. The fact that the New Jersey judgment has been paid in full goes not to the plaintiff's cause of action, but to its right to further prosecute it because it may not have two satisfactions of the same debt. The plea embodied in the supplemental answer is a typical instance of the plea known to the old practice as *puis darrein continuance,* which operated to stay the further prosecution of an action in which it was interposed, and the defendant itself seems to have been conscious that the matters set up in the supplemental answer went no further than to stay the further prosecution of this action, for it distinctly alleges that by reason of the recovery and satisfaction of the judgment in New Jersey " the plaintiff is therefore *debarred from prosecuting* this action." The most the defendant can take from such a plea is protection against a further prosecution of the action. It is not entitled to an affirmative judgment in its favor. (*Oneida County*

*Bank* v. *Bonney,* 101 N. Y. 173.) Our Code does not seem to have provided a form of judgment to fit such a case as this, in an action at law. In my opinion we are not for that reason powerless to do justice between the parties. The order and judgment are clearly wrong and must be reversed. The defendant may, however, obtain all the relief to which it is justly entitled either by consenting to a discontinuance if plaintiff is willing, or by moving that the further prosecution of the action be stayed, and the property, if any, held under the attachment be released, or, if a bond has been given for its release, that it be canceled. There is authority for staying the prosecution of an action in this State pending the determination of an action involving the same issues in another State (*Allentown Foundry & Machine Works* v. *Loretz,* 16 App. Div. 72), and upon the same principle an action here may be permanently stayed when the plaintiff's right to proceed with it, but not its right to maintain it, has been determined by the satisfaction of the debt sued upon. Such an order, however, should not impose upon the plaintiff the payment of costs.

The order and judgment should be reversed, with costs and disbursements, and the motion for judgment on behalf of defendant denied.

LAUGHLIN, DOWLING, SMITH and DAVIS, JJ., concurred.

Judgment and order reversed, with costs, and motion for judgment denied.